■ In the Matter of ANNIE ANDREWS, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—In a proceeding for leave to serve a late notice of claim, the New York City Housing Authority appeals from a judgment of the Supreme Court, Kings County (Williams, J.), dated May 30, 1990, which granted the application.

Ordered that the judgment is affirmed, with costs.

On November 22, 1989, the petitioner fell while going down the stairs in her apartment building, which is owned by the

appellant New York City Housing Authority. On March 12, 1990, "immediately" after having learned that the injury caused by her fall would require surgery, the petitioner retained a lawyer, served a notice of claim, and by notice of motion dated March 12, 1990, moved for leave to serve a late notice of claim.

In support of her application, the petitioner asserted, among other things, that on November 28, 1989, she informed "Assistant Housing Manager Mr. Williams" of the occurrence. This assertion was not explicitly contradicted by the affidavit in opposition submitted by Joyce Ernst, Housing Project Manager, who averred that Mr. Williams had been present during a conversation which she (Ernst) had had with the petitioner, during which there was no mention of any accident. Mr. Williams himself submitted no affidavit.

Under these and all the other circumstances of this case, we conclude that the Supreme Court did not improvidently exercise its discretion in granting the petitioner's application (see generally, Matter of Cicio v City of New York, 98 AD2d 38; King v City of New York, 90 AD2d 714). Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.