■ TIMOTHY J. COTTIERS et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [754 NYS2d 642] —Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about December 4, 2001, which, in an action for medical malpractice, granted defendants' motion to dismiss the complaint for failure to serve a notice of claim, unanimously affirmed, without costs.

The action was properly dismissed on the ground that plaintiff never served the late notice of claim she was granted leave to serve. In any event, the action would have to be

dismissed even if the court that granted the leave motion, which was made in the context of plaintiff's already commenced action naming North Central Bronx Hospital and various of its personnel, had deemed the attached notice of claim served nunc pro tunc, within the respective 90-day periods for personal injury and wrongful death claims, upon the parties whom plaintiff served with the motion, namely, North Central Bronx Hospital through its "Director and Counsel," the City of New York through the Corporation Counsel and "all appearing parties." That is because such court could not have deemed such notice served upon the party who should have been served, namely, the Health and Hospitals Corporation (HHC), where HHC was neither named in nor served with the notice of claim. These circumstances require dismissal of the action, and it does not avail plaintiff that HHC appeared through the Corporation Counsel at both plaintiff's application for leave to serve a late notice and plaintiff's General Municipal Law § 50-h hearing (see *Kroin v City of New York*, 210 AD2d 95 [1994]; *Badgett v New York City Health & Hosps. Corp.*, 227 AD2d 127 [1996]; compare *Mercado v New York City Health & Hosps. Corp.*, 247 AD2d 55, 57-58 [1998]). Concur—Tom, J.P., Buckley, Rosenberger, Williams and Friedman, JJ.