■ In the Matter of CITY OF NEW YORK, Appellant, v VILLAGE OF LYNBROOK, Respondent. [11 NYS3d 228]—

In a proceeding pursuant to CPLR 9802 and General Municipal Law § 50-e to deem a notice of claim to have been timely served or, in the alternative, for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Parga, J.), entered April 16, 2013, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, that branch of the petition which is to deem the notice of claim to have been timely served is granted, and that branch of the petition which is for leave to serve a late notice of claim is denied as unnecessary.

The petitioner, the City of New York, commenced this proceeding against the Village of Lynbrook to deem the City's notice of claim to have been timely served or, in the alternative, for leave to serve a late notice of claim. The notice related to a claim that the City had against the Village for reimbursement of police academy training costs pursuant to General Municipal Law § 72-c in connection with a New York City Police Department (hereinafter NYPD) officer who resigned and went to work for the Village's Police Department two weeks after completing NYPD police academy training.

In this case, the City's claim did not accrue until it possessed the legal right to be paid and to enforce its right to payment in court (*see generally City of New York v State of New York*, 40 NY2d 659, 668 [1976]; *Helmer-Cronin Constr. v Beacon Community Dev. Agency*, 156 AD2d 543, 544 [1989]). The particular facts of each case determine whether and at what point a party seeking payment should reasonably have viewed its request for reimbursement as having been constructively rejected, thus giving rise to the accrual of the claim (*see generally City of New York v State of New York*, 40 NY2d 659 [1976]; *Helmer-Cronin Constr. v Beacon Community Dev. Agency*, 156 AD2d at 544; *Arnell Constr. Corp. v Village of N. Tarrytown*, 100 AD2d 562 [1984], *affd* 64 NY2d 916 [1985]; *Memphis Constr. v Village of Moravia*, 59 AD2d 646 [1977]).

Here, the City served its notice of claim on November 19, 2012. Contrary to the determination of the Supreme Court, the service was timely, since the record reveals that the City's claim accrued, at the earliest, on November 8, 2012, when its request for reimbursement was constructively rejected by the Village's unwarranted demands for additional documentation before it would consider the claim for reimbursement. Accordingly, the Supreme Court erred in denying the City's petition and dismissing the proceeding.

In view of the foregoing, we need not consider the City's

remaining contention. Mastro, J.P., Skelos, Dickerson and LaSalle, JJ., concur.