■   In the Matter of City of New York, Appellant, v County of Nassau, Respondent. [46 NYS3d 155]—

In a proceeding pursuant to General Municipal Law § 50-e (5), in effect, for leave to serve late notices of claim and to deem late notices of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered March 19, 2015, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the petition is granted.

Two police officers hired by the New York City Police Department (hereinafter the NYPD) in January 2012 and July 2012,

respectively, attended the NYPD police academy, and completed their basic training at the expense of the petitioner, the City of New York. One of the officers graduated from the academy on June 28, 2012, and the other officer graduated from the academy on December 28, 2012. In May 2013 both officers resigned their positions with the NYPD and accepted positions as police officers with the Nassau County Police Department (hereinafter the NCPD). On August 14, 2013, former Police Commissioner Raymond W. Kelly of the NYPD sent a letter (hereinafter the demand letter) to former Police Commissioner Thomas V. Dale (hereinafter Commissioner Dale) of the NCPD pursuant to General Municipal Law § 72-c seeking reimbursement for the training expenses incurred on behalf of the two officers. The demand letter was received on August 17, 2013. The City did not receive a response to the demand letter. On April 3, 2014, the City served notices of claim on the County regarding its failure to reimburse the City for the training expenses. On August 14, 2014, the City commenced this proceeding against the County pursuant to General Municipal Law § 50-e (5), in effect, for leave to serve late notices of claim and to deem the notices of claim previously served on the County timely served nunc pro tunc. The Supreme Court denied the petition and, in effect, dismissed the proceeding.

"The particular facts of each case determine whether and at what point a party seeking payment should reasonably have viewed its request for reimbursement as having been constructively rejected, thus giving rise to the accrual of the claim" (*Matter of City of New York v Village of Lynbrook*, 129 AD3d 838, 839 [2015]). In this case, the earliest the claims could have arisen was September 17, 2013, 30 days after the demand for reimbursement was made and ignored, thus having been constructively rejected by the County (*see id.* at 839). General Municipal Law § 50-e requires that a notice of claim be served within 90 days after a tort claim arises against a municipality (*see* General Municipal Law § 50-e [1] [a]; *Matter of Brownstein v Incorporated Vil. of Hempstead*, 52 AD3d 507 [2008]). Thus, although service of the notices of claim on the County on April 3, 2014, more than 90 days after the claims arose, was late pursuant to General Municipal Law § 50-e (5), the Supreme Court had discretion to extend the City's time to serve them (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 535 [2006]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138 [2008]).

The key factors in determining whether to allow service of a late notice of claim are whether (1) the petitioner demonstrated

a reasonable excuse for the failure to serve a timely notice of claim, (2) the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay would substantially prejudice the municipality in its defense (*see* General Municipal Law § 50-e [5]; *Matter of Dell'Italia v Long Is. R.R. Corp.*, 31 AD3d 758, 759 [2006]). The presence or absence of any one of these factors is not necessarily determinative (*see id.* at 759), and the absence of a reasonable excuse is not necessarily fatal (*see Brownstein v Incorporated Vil. of Hempstead*, 52 AD3d at 509; *Jordan v City of New York*, 41 AD3d 658, 659 [2007]; *Matter of March v Town of Wappinger*, 29 AD3d 998, 999 [2006]). "However, whether the public corporation acquired timely actual knowledge of the essential facts constituting the claim is seen as a factor which should be accorded great weight" (*Matter of Dell'Italia v Long Is. R.R. Corp.*, 31 AD3d at 759 [internal quotation marks omitted]).

Here, the County acquired timely actual knowledge of the essential facts constituting the claims on or about August 17, 2013, when the NCPD received the demand letter addressed to Commissioner Dale (*see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 139). Further, at the time the police officers were hired by the NCPD in May 2013, the County would necessarily have been made aware of the recent police training of the officers as part of the NCPD's hiring process and background investigation (*see generally* Executive Law §§ 841, 845). Further, contrary to the County's contention, there is no requirement under General Municipal Law § 50-e (5) that when the court considers whether the public corporation acquired the essential facts constituting the claim that those facts be provided or known by only those officials who are designated by statute to accept service of the notice of claim pursuant to General Municipal Law § 50-e (3) (*see* General Municipal Law § 50-e [3], [5]; *see e.g. Matter of Bollerman v New York City School Constr. Auth.*, 247 AD2d 469, 470 [1998]; *Matter of Andrews v New York City Hous. Auth.*, 190 AD2d 732 [1993]; *Matter of Herman v Village of Chester*, 125 AD2d 469 [1986]).

The City also met its initial burden of showing that the County will not be substantially prejudiced by the late notices of claim in that the nature of the claims are based on easily verifiable, well-documented, objective facts directly within the purview and knowledge of the police commissioner to whom they were expressly reported (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 466 [2016]; *Matter of*

*Coplon v Town of Eastchester*, 82 AD3d 1095 [2011]; *cf. Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 153). The County failed to rebut the City's showing with particularized indicia of prejudice (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d at 467).

The fact that the City did not provide an excuse for its delay in serving the notices of claim is not dispositive (*see Brownstein v Incorporated Vil. of Hempstead*, 52 AD3d at 510; *Jordan v City of New York*, 41 AD3d at 659; *Matter of March v Town of Wappinger*, 29 AD3d at 999).

Accordingly, the Supreme Court improvidently exercised its discretion in denying the City's petition.

The County's remaining contention need not be reached in light of our determination. Leventhal, J.P., Cohen, Miller and LaSalle, JJ., concur.