Smith v Pierce (2020 NY Slip Op 02028)





Smith v Pierce


2020 NY Slip Op 02028


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-06723 
2018-11526
 (Index No. 3990/16)

[*1]Cornelius Smith, appellant,
v
Chanae Pierce, et al., respondents.


Schonberg Law Offices of the Hudson Valley, P.C., Central Valley, NY (Ryan Fagen and Susan R. Nudelman of counsel), for appellant.
Vigorito, Barker, Patterson, Nichols and Porter, LLP, Valhalla, NY (Christopher J. Whitton of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from two orders of the Supreme Court, Orange County (Elaine Slobod, J.), dated May 7, 2018, and September 13, 2018, respectively. The order dated May 7, 2018, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not serve a timely notice of claim pursuant to General Municipal Law § 50-e. The order dated September 13, 2018, insofar as appealed from, upon reargument, adhered to the original determination in the order dated May 7, 2018.
ORDERED that the appeal from the order dated May 7, 2018, is dismissed, as that order was superseded by the order dated September 13, 2018, made upon reargument; and it is further,
ORDERED that the order dated September 13, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff commenced this action against the defendants, Chanae Pierce, Newburgh Beacon Bus Corp. (hereinafter Newburgh Bus), and Leprechaun Lines, Inc., to recover damages for injuries the plaintiff alleges he sustained when a bus driven by Pierce collided with his vehicle in Newburgh, Orange County.
Thereafter, the defendants moved for summary judgment dismissing the complaint on the ground, inter alia, that the plaintiff failed to serve a timely notice of claim on the nonparty County of Orange within 90 days of the accrual of his claim pursuant to General Municipal Law § 50-e. The defendants established that the bus driven by Pierce was owned by the County, and was leased by the defendant Newburgh Bus, and that the County also contracted with Newburgh Bus to provide public transportation to the residents of the County, by submitting, among other things, the deposition testimony of Pierce, the contract documents between Newburgh Bus and the County, and [*2]a copy of Local Law No. 14 of 1974 of the County of Orange authorizing the County to enter into such contracts. The defendants also submitted an affidavit of Warren Decker, Newburgh Bus's Safety Director, together with Pierce's paystubs and an accident report dated March 5, 2015. The service contract between the County and Newburgh Bus contained a clause requiring Newburgh Bus to indemnify the County.
In an order dated May 7, 2018, the Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not serve a timely notice of claim on the County. In an order dated September 13, 2018, the court, upon reargument, adhered to its original determination. The plaintiff appeals.
We agree with the Supreme Court's determination that the plaintiff was required to serve a notice of claim pursuant to General Municipal Law § 50-e(1)(a). "General Municipal Law § 50-e requires that a notice of claim be served within 90 days after a tort claim arises against a municipality" (Matter of City of New York v County of Nassau, 146 AD3d 948, 949; see General Municipal Law § 50-e[1][a]). Since the defendants established that the County had a statutory duty to operate a transit system, "[t]he imposition of such duty created an obligation that the [C]ounty indemnify [Newburgh Bus] for any damages recovered against it (General Municipal Law, § 50-b, subd 1) and therefore a notice of claim was required" (Coleman v Westchester St. Transp. Co., 57 NY2d 734, 735).
The plaintiff's remaining contentions are without merit.
AUSTIN, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court