Matter of Brown v New York City Health & Hosps. Corp. (2021 NY Slip Op 00429)





Matter of Brown v New York City Health & Hosps. Corp.


2021 NY Slip Op 00429


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-12136
 (Index No. 504254/17)

[*1]In the Matter of Tysheema Brown, appellant,
v
New York City Health and Hospitals Corporation, respondent.


Zucker & Regev, P.C., Brooklyn, NY (Gary A. Zucker of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Yasmin Zainulbhai of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Michelle Weston, J.), dated August 20, 2018. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On April 4, 2016, the petitioner underwent a thymectomy, a procedure which involves removing the thymus, at Kings County Hospital Center (hereinafter the hospital). In August 2016, the petitioner presented to the hospital's emergency room, and in November 2016, presented to a different emergency room, each time complaining of, among other things, shortness of breath, and each time was found to have an "elevated right hemidiaphragm." The petitioner alleges that in January 2017, she presented to a private physician who thereafter diagnosed her as having "right hemidiaphragmatic paralysis" as a result of the removal of her right phrenic nerve during the thymectomy.
In March 2017, the petitioner served a petition on the New York City Health and Hospitals Corporation (hereinafter NYCHHC) seeking leave to serve a late notice of claim. The petition alleged that the removal of the petitioner's right phrenic nerve was the result of medical malpractice committed by the hospital's medical staff, and a lack of informed consent. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
In determining whether to grant leave to serve a late notice of claim pursuant to General Municipal Law § 50-e(5), the court must consider all relevant circumstances, including: "(1) whether the public corporation has acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter; (2) whether the delay substantially prejudiced the public corporation in defending on the merits; and (3) whether the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim" (Matter of Khan v New York City Health & Hosps. Corp., 135 AD3d 940, 941; see Matter of Jadusingh v New York City Health & Hosps. Corp., 168 AD3d 940, 941). "The determination to grant leave to serve a late notice of claim lies within the sound discretion of the Supreme Court" (Randolph v [*2]Westchester Med. Ctr., 122 AD3d 822, 823; see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 677).
Here, the evidence submitted in support of the petition failed to establish that NYCHHC acquired actual knowledge of the essential facts constituting the petitioner's claims within 90 days after the claim arose, or a reasonable time thereafter, by virtue of the hospital records relating to the thymectomy (see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d at 676-677; Williams v Nassau County Med. Ctr., 6 NY3d 531, 537; Matter of Smith v Westchester County Health Care Corp., 165 AD3d 1150, 1151; Decker v State of New York, 164 AD3d 650, 652). "'Merely having or creating hospital records, without more, does not establish actual knowledge of a potential injury where the records do not evince that the medical staff, by its acts or omissions, inflicted any injury'" on the petitioner attributable to malpractice, or lack of informed consent (Decker v State of New York, 164 AD3d at 652, quoting Williams v Nassau County Med. Ctr., 6 NY3d at 537). The petitioner failed to establish that either the alleged medical malpractice, or lack of informed consent, was apparent from an independent review of the medical records (see Matter of Ramos-Elizares v Westchester County Healthcare Corp., 94 AD3d 1130, 1131).
Moreover, the petitioner failed to satisfy her initial burden of showing that NYCHHC would not be substantially prejudiced in maintaining a defense on the merits as a result of the delay (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; Matter of Maldonado v City of New York, 152 AD3d 522, 523). The petitioner also did not demonstrate a reasonable excuse for the failure to timely serve a notice of claim (see Matter of Wright v City of New York, 99 AD3d 717, 718; Matter of Werner v Nyack Union Free School Dist., 76 AD3d 1026, 1026).
Accordingly, we agree with the Supreme Court's determination denying the petition and dismissing the proceeding.
MASTRO, A.P.J., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court