Rodriguez v Westchester Med. Ctr. (WMC) (2021 NY Slip Op 04505)





Rodriguez v Westchester Med. Ctr. (WMC)


2021 NY Slip Op 04505


Decided on July 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-05428
 (Index No. 58553/18)

[*1]Tamara Rodriguez, etc., respondent, 
v
Westchester Medical Center (WMC), et al., appellants.


Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner and Daryl Paxson of counsel), for appellants.
Landers & Cernigliaro, P.C., Carle Place, NY (Stanley A. Landers of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Westchester County (Helen M. Blackwood, J.), dated April 1, 2019. The order, insofar as appealed from, denied the defendants' motion to dismiss the complaint on the ground that the plaintiff failed to serve a timely notice of claim and granted that branch of the plaintiff's cross motion which was to deem a late notice of claim timely served nunc pro tunc.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2018, the plaintiff commenced this medical malpractice action against Westchester Medical Center and Westchester County Health Care Corporation (hereinafter together the defendants). According to the plaintiff, the defendants committed medical malpractice during the labor and delivery of her infant son at Westchester Medical Center in June 2015, resulting in brain damage to the infant. The defendants thereafter moved to dismiss the complaint on the ground that the plaintiff failed to comply with General Municipal Law § 50-e(1)(a), which requires service of a notice of claim within 90 days after the claim arises, as a condition precedent to commencement of a tort action against a municipal corporation. The plaintiff then cross-moved, inter alia, to deem the notice of claim that she served on the defendants on December 15, 2017, without leave of court,
timely served nunc pro tunc. In an order dated April 1, 2019, the Supreme Court, among other things, denied the defendants' motion and granted that branch of the plaintiff's cross motion. The defendants appeal. We affirm.
General Municipal Law § 50-e(5) provides, in relevant part that, "[u]pon application, the court, in its discretion, may extend the time to serve a notice of claim . . . In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one of this section or within a reasonable time thereafter." The court must also consider whether the claimant was an infant, whether the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and whether the delay would result in substantial prejudice to the ability of the municipality or public corporation to defend itself against the action (see General Municipal Law § 50-e[5]; Matter of McVea v County of Orange, 186 AD3d 1221, 1221; Matter of Jaffier v City of New York, 148 AD3d 1021, 1022). [*2]The presence or absence of any one of these factors is not dispositive (see Matter of McVea v County of Orange, 186 AD3d at 1222; N.F. v City of New York, 161 AD3d 1046, 1047). As such, the absence of a reasonable excuse is not necessarily fatal (see Matter of Jaffier v City of New York, 148 AD3d at 1022; Matter of City of New York v County of Nassau, 146 AD3d 948, 950). "Nevertheless, whether the municipality or public corporation acquired timely actual notice of the essential facts constituting the claim should be accorded great weight" (Matter of McVea v County of Orange, 186 AD3d at 1222; see Matter of City of New York v County of Nassau, 146 AD3d at 950).
In order for hospital records to establish actual knowledge for the purposes of General Municipal Law § 50-e(5), "the medical records must do more than 'suggest' that an injury occurred as a result of malpractice . . . the medical records must 'evince that the medical staff, by its acts or omissions, inflicted an[ ] injury on plaintiff' in order for the medical provider to have actual knowledge of the essential facts" (Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 677, quoting Williams v Nassau County Med. Ctr., 6 NY3d 531, 537). Here, the defendants acquired actual notice of the essential facts underlying the claim by virtue of the hospital records pertaining to the labor and delivery of the infant which indicate that there was a delay in performing a caesarean section after there was evidence of fetal distress which caused injury to the infant (see J.H. v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.], 169 AD3d 880, 884; see e.g. Matter of Khan v New York City Health & Hosps. Corp., 135 AD3d 940, 942).
Since the defendants had actual knowledge of the essential facts constituting the plaintiff's claim by virtue of Westchester Medical Center's medical records, the defendants were not substantially prejudiced by the delay in the service of the notice of claim (see J.H. v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.], 169 AD3d at 884; Matter of Khan v New York City Health & Hosps. Corp., 135 AD3d at 942). In addition, where, as here, there is actual knowledge of the essential facts and an absence of substantial prejudice, the lack of a reasonable excuse will not bar the granting of a motion to deem a notice of claim timely served nunc pro tunc (see e.g. J.H. v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.], 169 AD3d at 884; Matter of Khan v New York City Health & Hosps. Corp., 135 AD3d at 942).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's cross motion which was to deem the notice of claim timely served nunc pro tunc, and properly denied the defendants' motion to dismiss the complaint on the ground that the plaintiff failed to serve a timely notice of claim.
AUSTIN, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court