Ahmed v New York City Health & Hosp. Corp. (2022 NY Slip Op 02521)

Ahmed v New York City Health & Hosp. Corp.

2022 NY Slip Op 02521

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2020-01177
 (Index No. 710296/19)

[*1]Fayza Ahmed, appellant, 
v
New York City Health & Hospital Corporation, et al., respondents.

Omrani & Taub, P.C., New York, NY (James L. Forde of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Jeremy W. Shweder and Eva L. Jerome of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered December 16, 2019. The order denied the plaintiff's motion pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim is granted.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice relating to her treatment from February 10, 2018, through March 28, 2018, at the defendant Elmhurst Hospital Center, which is operated by the defendant New York City Health and Hospital Corporation. The plaintiff alleged that the defendants failed to timely diagnose a stroke such that a time-sensitive drug for the treatment of strokes (a tissue plasminogen activator) was unavailable to her.
On June 17, 2019, the plaintiff submitted to the Supreme Court an order to show cause for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e(5). On June 20, 2019, the court declined to sign the order to show cause because a signature page was not appended to the notice of claim. The plaintiff re-submitted her papers on June 28, 2019, this time including a complete notice of claim. The court signed the order to show cause but ultimately denied the motion, determining that it lacked discretion to grant leave to serve a late notice of claim because the statute of limitations had expired on June 26, 2019, two days before the filing of the June 28, 2019 motion. Alternatively, the court determined that leave to serve a late notice of claim was not warranted in the exercise of discretion. The plaintiff appeals.
Since the time to serve a notice of claim upon a public corporation cannot be extended beyond the time limited for commencement of an action against that party (see id.), the court lacks authority to grant a motion for leave to serve a late notice of claim made more than one year and 90 days after the cause of action accrued, unless the statute of limitations has been tolled (see Pierson v City of New York, 56 NY2d 950, 954; Young Soo Chi v Castelli, 112 AD3d 816, 817). [*2]"CPLR 204(a) tolls the statute of limitations while a motion to serve a late notice of claim is pending" (Young Soo Chi v Castelli, 112 AD3d 816, 817; see Giblin v Nassau County Med. Ctr., 61 NY2d 67; Matter of Alvarez v New York City Hous. Auth., 97 AD3d 668). Where "a court declines to sign an initial order to show cause for leave to serve a late notice of claim on procedural grounds, but a subsequent application for the same relief is granted, the period of time in which the earlier application [was] pending [is also] excluded from the limitations period" (Ambrus v City of New York, 87 AD3d 341, 342).
That rule is applicable here (see Mazzarelli v 54 Plus Realty Corp., 54 AD3d 1008; see also Status Gen. Dev., Inc. v 501 Broadway Partners, LLC, 163 AD3d 740, 741), and thus, the statute of limitations was tolled for the three-day period between the filing of the plaintiff's initial order to show cause and the Supreme Court's determination not to sign the order to show cause. As the parties agree that the instant motion was filed only two days after expiration of the statute of limitations, the motion was timely upon application of the three-day toll (see Ambrus v City of New York, 87 AD3d at 352; see also Matter of Alvarez v New York City Hous. Auth., 97 AD3d at 668).
Turning to the merits of the motion, in determining whether leave to serve a late notice of claim should be granted, the court must consider whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or within a reasonable time thereafter, whether the delay substantially prejudiced the public corporation in maintaining its defense on the merits, and whether the plaintiff demonstrated a reasonable excuse for failing to serve a timely notice of claim (see General Municipal Law § 50-e[5]; J.H. v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.], 169 AD3d 880, 883).
Hospital records can establish actual knowledge of the essential facts constituting a claim where they "evince that the medical staff, by its acts or omissions, inflicted an[ ] injury on plaintiff" (Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 677 [internal quotation marks omitted]; Rodriguez v Westchester Med. Ctr. [WMC], 196 AD3d 659, 660 [internal quotation marks omitted]). While expert opinion may be helpful to this showing, it is not required where "the basic facts underlying the malpractice claims [can] be gleaned from the . . . medical records" (Matter of Rojas v New York City Health and Hosps. Corp., 127 AD3d 870, 873).
Here, the medical records provided the defendants with actual knowledge of the essential facts constituting the plaintiff's claim. The records evinced that a stroke code was called shortly after the plaintiff's presentation to the hospital, that, based on an assessment of her condition, it was decided that a tissue plasminogen activator was not needed, and that it was later determined that the plaintiff had suffered a stroke but that it was too late to administer that drug.
The plaintiff further made an initial showing that the defendants would not suffer any prejudice by the delay in serving the notice of claim, and the defendants failed to rebut the showing with particularized indicia of prejudice (see Rodriguez v Westchester Med. Ctr. [WMC], 196 AD3d at 660; J.H. v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.], 169 AD3d at 884).
Finally, where, as here, there is actual knowledge and an absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim (see Rodriguez v Westchester Med. Ctr. [WMC], 196 AD3d at 660-661; J.H. v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.], 169 AD3d at 884).
Accordingly, the plaintiff's motion pursuant to General Municipal Law § 50-e(5) should have been granted.
The parties' remaining contentions are not properly before this Court.
IANNACCI, J.P., ROMAN, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court