Matter of Cleary v Nassau Health Care Corp. (2023 NY Slip Op 02121)

Matter of Cleary v Nassau Health Care Corp.

2023 NY Slip Op 02121

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2021-09218
 (Docket No. 608087/21)

[*1]In the Matter of Kevin Cleary, et al., appellants,
v
Nassau Health Care Corporation, respondent.

Levine & Grossman, Mineola, NY (Steven Sachs of counsel), for appellants.
Rubin Paterniti Gonzalez Rizzo Kaufman, LLP, Garden City, NY (Maria Massucci of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered November 29, 2021. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is granted.
On September 11, 2020, the petitioner Kevin Cleary (hereinafter the injured petitioner) allegedly was injured when a glass bottle fell from a delivery truck, causing a laceration to his left wrist. On the same date, the injured petitioner was admitted to Nassau University Medical Center (hereinafter the hospital), where he was diagnosed with a wrist laceration and injury to the flexor digitorum superficialis tendon. After those injuries were treated, the injured petitioner was discharged from the hospital with instructions to follow up at the hospital's hand clinic. On September 29, 2020, and November 24, 2020, the injured petitioner went to the hospital's hand clinic with complaints of numbness to certain fingers. On December 18, 2020, the injured petitioner was examined at the Long Island Plastic Surgical Group by Roger Simpson, a physician, who advised the injured petitioner that he suspected a partial transection of the median nerve in the left wrist and recommended exploratory surgery. On March 11, 2021, Simpson performed the surgery, which revealed a complete transection of the median nerve.
On June 11, 2021, the injured petitioner and his wife, Aimee Cleary, served a late notice of claim on Nassau Health Care Corporation (hereinafter NHCC), which operated the hospital. The notice of claim alleged a continuing course of treatment by NHCC from September 11, 2020, through November 24, 2020, during which NHCC's staff allegedly was negligent in failing to timely diagnose and treat the injured petitioner's nerve injury. Also in June 2021, the petitioners commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve the late notice of claim. In an order entered November 29, 2021, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioners appeal.
In determining whether a petitioner should be granted leave to serve a late notice of [*2]claim pursuant to General Municipal Law § 50-e(5), the court must consider all relevant circumstances, including: "(1) whether the public corporation has acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter; (2) whether the delay substantially prejudiced the public corporation in defending on the merits; and (3) whether the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim" (Matter of Brown v New York City Health & Hosps. Corp., 190 AD3d 969, 970 [internal quotation marks omitted]; see Matter of McDonald v Village of Great Neck Estates, 203 AD3d 1047, 1048).
Medical records can establish actual knowledge of the essential facts constituting a claim where they "evince that the medical staff, by its acts or omissions, inflicted an[ ] injury on plaintiff" (Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 677 [internal quotation marks omitted]; see Ahmed v New York City Health & Hosps. Corp., 204 AD3d 870, 871-872). "While expert opinion may be helpful to this showing, it is not required where 'the basic facts underlying the malpractice claims [can] be gleaned from the . . . medical records'" (Ahmed v New York City Health & Hosps. Corp., 204 AD3d at 872, quoting Matter of Rojas v New York City Health & Hosps. Corp., 127 AD3d 870, 873). Here, NHCC acquired actual knowledge of the essential facts constituting the petitioners' claim, since its employees participated in the acts or omissions giving rise to the claim and prepared medical records from which it could be readily inferred that NHCC negligently failed to timely diagnose and treat the injured petitioner's nerve injury (see Rodriguez v Westchester Med. Ctr. [WMC], 196 AD3d 659, 660; Matter of Khan v New York City Health & Hosps. Corp., 135 AD3d 940, 942).
Further, under the circumstances of this case, the petitioners demonstrated a reasonable excuse for the delay in serving a notice of claim based upon, inter alia, the injured petitioner not learning of the nerve injury until his surgery on March 11, 2021, followed by his recovery time from the surgery and inability to consult with an attorney until after he was fully vaccinated for COVID-19 due to preexisting health conditions (see Matter of Leon v New York City Health & Hosps. Corp., 163 AD3d 670, 672; Matter of Pazienza v Westchester County Health Care Corp., 142 AD3d 669, 670).
Moreover, the petitioners presented a "plausible argument" that NHCC could conduct an adequate investigation of the claim despite the delay, and thus, NHCC would not be substantially prejudiced by the late notice of claim (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; see Matter of Rios v County of Nassau, 212 AD3d 631). In response, NHCC failed to set forth a "particularized evidentiary showing" that it will be substantially prejudiced (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467; see Matter of Joseph v City of New York, 208 AD3d 1324, 1326-1327).
Accordingly, the Supreme Court should have granted the petition for leave to serve a late notice of claim.
IANNACCI, J.P., RIVERA, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court