Sosnicki v New York City Sch. Constr. Auth. (2024 NY Slip Op 01832)

Sosnicki v New York City Sch. Constr. Auth.

2024 NY Slip Op 01832

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2020-04031
 (Index No. 705502/17)

[*1]Marian Sosnicki, appellant, 
v
New York City School Construction Authority, respondent.

The Law Offices of Jeffrey B. Melcer, PLLC, New York, NY (Beth S. Gereg of counsel), for appellant.
Cerussi & Spring, P.C., White Plains, NY (Jennifer R. Freedman and Richard Gullo of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), entered May 13, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiff's cross-motion to deem his notice of claim timely served nunc pro tunc.
ORDERED that the order is affirmed, with costs.
In November 2015, the plaintiff allegedly tripped and fell while climbing down from scaffolding on the roof of a public school in Brooklyn, injuring his shoulder. In April 2016, the plaintiff commenced a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the defendant, New York City School Construction Authority (hereinafter the SCA). The plaintiff attached a proposed notice of claim to the petition, but he did not request in the petition that the notice of claim be deemed timely served nunc pro tunc. In an order dated July 12, 2016, the Supreme Court granted the petition for leave to serve a late notice of claim. The order did not deem the notice of claim to have been served upon the SCA.
On August 16, 2016, the plaintiff commenced this action to recover damages for personal injuries against the SCA, alleging common-law negligence and violations of Labor Law §§ 200, 240, and 241. Following the completion of discovery, the SCA moved for summary judgment dismissing the complaint. In support of the motion, the SCA submitted, inter alia, an affidavit from an employee who averred that the SCA was never served with a notice of claim on behalf of the plaintiff. The plaintiff opposed the motion and cross-moved to deem his notice of claim timely served nunc pro tunc. In an order entered May 13, 2020, the Supreme Court granted the SCA's motion and denied the plaintiff's cross-motion. The plaintiff appeals.
Public Authorities Law § 1744(1) provides that "no action or proceeding shall be prosecuted or maintained against the [SCA] . . . for personal injury or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of the [SCA] . . . unless . . . a notice of claim shall have been made and served upon the [SCA], within the time limit prescribed by and in compliance with [General Municipal Law § 50-e]" (see Hall v City of New [*2]York, 1 AD3d 254, 255). Here, the evidence submitted by the SCA demonstrated that the plaintiff never served the SCA with the late notice of claim that the plaintiff had been granted leave to serve (see Argudo v New York City Health & Hosps. Corp., 81 AD3d 575, 576; see also Cottiers v New York City Health & Hosps. Corp., 303 AD2d 187, 187). Accordingly, the Supreme Court properly granted the SCA's motion for summary judgment dismissing the complaint (see Smith v Pierce, 181 AD3d 849, 850; Sanchez v Jericho Sch. Dist., 180 AD3d 828, 829).
The Supreme Court also properly denied the plaintiff's cross-motion to deem his notice of claim timely served nunc pro tunc. "[T]he time to serve a notice of claim upon a public corporation cannot be extended beyond the time limited for commencement of an action against that party, [and] the court lacks authority to grant a motion for leave to serve a late notice of claim made more than one year and 90 days after the cause of action accrued, unless the statute of limitations has been tolled" (Ahmed v New York City Health & Hosps. Corp., 204 AD3d 870, 871 [citation omitted]; see Pierson v City of New York, 56 NY2d 950, 954). Here, because the plaintiff's cross-motion to deem his notice of claim timely served nunc pro tunc was made nearly four years after the claim accrued and more than three years after the court granted him leave to file a late notice of claim, the court lacked the authority to grant his cross-motion (see Ahmed v New York City Health & Hosps. Corp., 204 AD3d at 871; Young Soo Chi v Castelli, 112 AD3d 816, 817; Matter of Alvarez v New York City Hous. Auth., 97 AD3d 668, 668-669).
The plaintiff's remaining contentions are either without merit or improperly raised for the first time on appeal.
CONNOLLY, J.P., CHAMBERS, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court