Matter of Williams v New York City Health & Hosps. Corp. (2025 NY Slip Op 02348)

Matter of Williams v New York City Health & Hosps. Corp.

2025 NY Slip Op 02348

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-04359
 (Index No. 537686/22)

[*1]In the Matter of Lakeisha Williams, etc., respondent,
v
New York City Health and Hospitals Corporation, appellant.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Claude S. Platton and Janet L. Zaleon of counsel), for appellant.
Peters Berger Koshel & Goldberg, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, and Seth Weinberg], of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) to deem a late notice of claim timely served nunc pro tunc, New York City Health and Hospitals Corporation appeals from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated April 12, 2023. The order, insofar as appealed from, granted that branch of the petition which was to deem so much of the notice of claim as alleged wrongful death timely served nunc pro tunc.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The petitioner's husband (hereinafter the decedent) was treated at Kings County Hospital (hereinafter the hospital) beginning in June 2020 related to complaints of, inter alia, back pain, shortness of breath, and difficulty sleeping. Chest X-rays were performed at the hospital in December 2020. The decedent was admitted to the hospital from July 22, 2021, to July 31, 2021. Chest X-rays and a CT scan performed in July 2021 revealed a mass in the decedent's lungs. During that admission, the decedent was diagnosed with carcinoma with a left lung mass with metastasis. Thereafter, the decedent was admitted to Memorial Sloan Kettering Cancer Center for treatment from September 21, 2021, to November 30, 2021, and at Calvary Hospital for hospice care from November 30, 2021, to December 9, 2021. The decedent died at home on December 11, 2021.
On December 27, 2022, the petitioner served a late notice of claim on New York City Health and Hospitals Corporation (hereinafter HHC), which operated the hospital. The notice of claim alleged, among other things, that the hospital's employees were negligent in failing to timely diagnose and treat the decedent's lung cancer. Also on December 27, 2022, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) to deem the late notice of claim timely served nunc pro tunc. In an order dated April 12, 2023, the Supreme Court, inter alia, granted that branch of the petition which was to deem so much of the notice of claim as alleged wrongful death timely served nunc pro tunc. HHC appeals.
"The determination of an application for leave to serve a late notice of claim or deem [*2]a late notice of claim timely served nunc pro tunc is left to the sound discretion of the trial court" (Matter of Beaton v City of New York, 186 AD3d 1677, 1678; see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 465; J.H. v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.], 169 AD3d 880, 882; Matter of Leon v New York City Health & Hosps. Corp., 163 AD3d 670, 671). In determining whether a petitioner should be granted leave to serve a late notice of claim pursuant to General Municipal Law § 50-e(5), the court must consider all relevant circumstances, including: "'(1) whether the public corporation has acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter; (2) whether the delay substantially prejudiced the public corporation in defending on the merits; and (3) whether the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim'" (Matter of Cleary v Nassau Health Care Corp., 215 AD3d 958, 959, quoting Matter of Brown v New York City Health & Hosps. Corp., 190 AD3d 969, 970; see Matter of McDonald v Village of Great Neck Estates, 203 AD3d 1047, 1048). "'While the presence or the absence of any one of the factors is not necessarily determinative, whether the public corporation had actual knowledge of the essential facts constituting the claim is of great importance'" (Matter of Romero v County of Suffolk, 208 AD3d 662, 663, quoting Matter of Tejada v City of New York, 161 AD3d 876, 877).
Hospital records can establish actual knowledge of the essential facts constituting a claim where they "evince that the medical staff, by its acts or omissions, inflicted an[ ] injury on [the] plaintiff" (Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 677 [internal quotation marks omitted]; see Ahmed v New York City Health & Hosps. Corp., 204 AD3d 870, 871-872; Rodriguez v Westchester Med. Ctr. [WMC], 196 AD3d 659, 660). "'Where the alleged malpractice is apparent from an independent review of the medical records, those records constitute actual knowledge of the facts constituting the claim'" (J.H. v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.], 169 AD3d at 883, quoting Matter of Breslin v Nassau Health Care Corp., 153 AD3d 1256, 1258; see Balbuenas v New York City Health & Hosps. Corp., 209 AD3d 642, 645; Matter of Leon v New York City Health & Hosps. Corp., 163 AD3d at 672).
Here, in support of the petition, the petitioner submitted an affirmation from a physician who reviewed the decedent's medical records and concluded that the decedent's lung cancer was easily identified in the December 2020 X-rays and that the same mass had increased in size by July 2021, when additional diagnostic tests were obtained at the hospital. HHC acquired actual knowledge of the essential facts constituting the petitioner's wrongful death claim, since the hospital's employees participated in the acts or omissions giving rise to the claim and prepared medical records from which it could be readily inferred that the hospital's employees negligently failed to timely diagnose and treat the decedent's lung cancer (see Matter of Cleary v Nassau Health Care Corp., 215 AD3d at 960; Ahmed v New York City Health & Hosps. Corp., 204 AD3d at 872).
Since HHC had actual knowledge of the essential facts constituting the petitioner's wrongful death claim by virtue of the hospital's medical records, HHC was not substantially prejudiced by the delay in the service of the notice of claim (see Rodriguez v Westchester Med. Ctr. [WMC], 196 AD3d at 660; Matter of Khan v New York City Health & Hosps. Corp., 135 AD3d 940, 942). In addition, where, as here, there is actual knowledge and an absence of prejudice, the lack of a reasonable excuse will not bar the granting of a petition to deem a late notice of claim timely served nunc pro tunc (see Rodriguez v Westchester Med. Ctr. [WMC], 196 AD3d at 660-661; J.H. v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.], 169 AD3d at 884; Matter of Khan v New York City Health & Hosps. Corp., 135 AD3d at 942).
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the petition which was to deem so much of the notice of claim as alleged wrongful death timely served nunc pro tunc.
DILLON, J.P., MILLER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court