Moody-DuBois v Westchester Med. Ctr. (2025 NY Slip Op 02767)

Moody-DuBois v Westchester Med. Ctr.

2025 NY Slip Op 02767

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2022-00517
 (Index No. 56550/21)

[*1]Janay Moody-DuBois, etc., respondent, 
v
Westchester Medical Center, appellant.

Vigorito, Barker, Patterson, Nichols & Porter, LLP (Saretsky Katz & Dranoff, LLP, Elmsford, NY [Barry G. Saretsky and Marsha Weinstein], of counsel), for appellant.
The Fitzgerald Law Firm, P.C., Yonkers, NY (John M. Daly and Mitchell Gittin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated January 19, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were pursuant to General Municipal Law § 50-e(5) and (6) to deem a late notice of claim timely served nunc pro tunc, for leave to amend the notice of claim, and to deem the amended notice of claim timely served nunc pro tunc, and denied that branch of the defendant's cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint, except to the extent it alleged lack of informed consent.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2011, the plaintiff, Janay Moody-DuBois (hereinafter the mother), who was then pregnant, received medical treatment from the defendant, Westchester Medical Center (hereinafter WMC). During treatment, it was discovered that the mother was in active labor and that the infant was in a double footling breach position. The attending physician recommended that the mother should have a vaginal birth rather than a cesarean section, and the mother consented. The infant was born with significant complications, including a large hematoma on her back, low heart rate, low respiratory effort, discoloration, low body temperature, and low blood pressure. The infant was then admitted to WMC's neonatal intensive care unit where a grade IV intraventricular hemorrhage and hydrocephalus were diagnosed. The infant subsequently developed persistent seizures, cerebral palsy, and developmental and cognitive delays.
In January 2020, the mother, as parent and natural guardian of the infant, served a notice of claim on WMC. In May 2021, the mother, also as parent and natural guardian of the infant, commenced this action against WMC to recover damages for medical malpractice and lack of informed consent. The mother moved, inter alia, pursuant to General Municipal Law § 50-e(5) and (6) to deem the late notice of claim timely served nunc pro tunc, for leave to amend the notice of claim, and to deem the amended notice of claim timely served nunc pro tunc, and WMC cross-moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated January 19, 2022, the Supreme Court granted those branches of the mother's motion, granted that branch of WMC's cross-[*2]motion which was to dismiss the cause of action alleging lack of informed consent, and otherwise denied the cross-motion. WMC appeals.
In determining whether to grant leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc pursuant to General Municipal Law § 50-e(5), a court must consider all relevant circumstances, including: "'(1) whether the public corporation has acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter; (2) whether the delay substantially prejudiced the public corporation in defending on the merits; and (3) whether the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim'" (Matter of Cleary v Nassau Health Care Corp., 215 AD3d 958, 959, quoting Matter of Brown v New York City Health & Hosps. Corp., 190 AD3d 969, 970; see Jara v Elmhurst Hosp. Ctr., 213 AD3d 653, 653-654). "Medical records can establish actual knowledge of the essential facts constituting a claim where they 'evince that the medical staff, by its acts or omissions, inflicted an injury on plaintiff'" (Matter of Cleary v Nassau Health Care Corp., 215 AD3d at 959-960 [alteration and internal quotation marks omitted], quoting Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 677; see Ahmed v New York City Health & Hosps. Corp., 204 AD3d 870, 872).
Here, WMC acquired actual knowledge of the essential facts constituting the claim, since its employees participated in the acts or omissions giving rise to the claim and prepared medical records from which it could be readily inferred that WMC's employees inflicted injury on the infant by deviating from standard medical practices (see Matter of Cleary v Nassau Health Care Corp., 215 AD3d at 959-960).
"To establish lack of substantial prejudice, the [plaintiff] must meet a threshold burden of presenting some evidence or plausible argument that supports a finding of no substantial prejudice" (Matter of Simpson v City of New York, 222 AD3d 986, 987; see Matter of Balbuenas v New York City Health & Hosps. Corp., 209 AD3d 642, 645-646; Matter of Shumway v Town of Hempstead, 187 AD3d 758, 759). "Once the [plaintiff's] initial showing on the issue of substantial prejudice has been satisfied, a defendant 'must respond with a particularized evidentiary showing that [it] will be substantially prejudiced if the late notice is allowed'" (Schnier v New York State Thruway Auth., 205 AD3d 958, 960, quoting Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 467; see Matter of Gabriel v City of Long Beach, 206 AD3d 997, 999).
Here, the mother presented a plausible argument that WMC could conduct an adequate investigation of the claim despite the delay and, thus, WMC would not be substantially prejudiced by the late notice of claim (see Matter of Simpson v City of New York, 222 AD3d at 987). In response, WMC failed to set forth a particularized evidentiary showing that it will be substantially prejudiced (see Schnier v New York State Thruway Auth., 205 AD3d at 960).
A reasonable excuse may be established by an allegation that a plaintiff "was more concerned and preoccupied with his or her alleged injuries or those of a spouse or child than with retaining counsel to pursue a legal claim, but only when such an allegation is supported by medical evidence" (Matter of Balbuenas v New York City Health & Hosps. Corp., 209 AD3d at 646; see Pannell v New York City Health & Hosps. Corp., 192 AD3d 1130, 1132; Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790, 791).
Here, the mother established that she was preoccupied with the care of the infant's persistent medical conditions and thus provided a reasonable excuse for her failure to timely serve a notice of claim (see Matter of Balbuenas v New York City Health & Hosps. Corp., 209 AD3d at 646).
Accordingly, the Supreme Court properly granted that branch of the mother's motion which was pursuant to General Municipal Law § 50-e(5) to deem the late notice of claim timely served nunc pro tunc. Moreover, WMC's contentions concerning those branches of the mother's motion which were pursuant to General Municipal Law § 50-e(5) and (6) for leave to amend the notice of claim and to deem the amended notice of claim timely served nunc pro tunc, and that [*3]branch of WMC's cross-motion which was pursuant to CPLR 3211(a) to dismiss the complaint, except to the extent it alleged lack of informed consent, were based on the untimeliness of the original notice of claim. Accordingly, the court properly granted those branches of the mother's motion and denied that branch of WMC's cross-motion.
CONNOLLY, J.P., FORD, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court