Matter of Davis v Incorporated Vil. of Laurel Hollow (2021 NY Slip Op 04133)





Matter of Davis v Incorporated Vil. of Laurel Hollow


2021 NY Slip Op 04133


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-10595
 (Index No. 605247/19)

[*1]In the Matter of Jimmie Davis, respondent,
v
Incorporated Village of Laurel Hollow, appellant.


Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas P. Calabria of counsel), for appellant.
Lipsig, Shapey, Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) to deem a late notice of claim timely served nunc pro tunc, the Incorporated Village of Laurel Hollow appeals from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered August 8, 2019. The order, insofar as appealed from, granted the petition.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 23, 2018, the petitioner allegedly sustained catastrophic injuries when he fell from a roller he was operating while engaged in paving operations on Moores Hill Road, which is located within the Incorporated Village of Laurel Hollow (hereinafter Laurel Hollow). Laurel Hollow is located within the Town of Oyster Bay. The Village of Oyster Bay Cove Police Department (hereinafter OBCPD) responded to the accident scene. As a result of the accident, the petitioner allegedly sustained a depressed skull fracture and a subdural hematoma with midline shift, and underwent an emergency craniotomy. The petitioner allegedly has been continuously hospitalized and confined to a bed and a wheelchair, cannot speak, and is fed through a feeding tube.
Due to a mistaken belief as to which municipality owned the location of the accident, the petitioner's attorneys initially commenced a proceeding against the County of Nassau, the Village of Oyster Bay Cove, and the Town. However, in April 2019, the petitioner's attorneys allegedly learned for the first time that the accident location was in Laurel Hollow. Accordingly, on April 15, 2019, the petitioner's attorneys served a notice of claim on Laurel Hollow, alleging violations of the Labor Law, and on April 29, 2019, commenced this proceeding against Laurel Hollow to deem the late notice of claim timely served nunc pro tunc. The Supreme Court granted the petition, and Laurel Hollow appeals. We affirm.
In determining whether to grant leave to serve a late notice of claim or deem a late notice of claim timely served nunc pro tunc pursuant to General Municipal Law § 50-e(5), the court must consider all relevant circumstances, including: "(1) whether the public corporation has acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter; (2) whether the delay substantially prejudiced the public corporation in [*2]defending on the merits; and (3) whether the claimant has demonstrated a reasonable excuse for failing to serve a timely notice of claim" (Matter of Khan v New York City Health & Hosps. Corp., 135 AD3d 940, 941; see Matter of Jadusingh v New York City Health & Hosps. Corp., 168 AD3d 940, 941). "The determination to grant leave to serve a late notice of claim lies within the sound discretion of the Supreme Court" (Randolph v Westchester Med. Ctr., 122 AD3d 822, 823; see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 677). "The presence or absence of any factor is not determinative" (Matter of Shumway v Town of Hempstead, 187 AD3d 758, 759).
The petitioner's incapacitating injuries constituted a reasonable excuse for the delay in serving Laurel Hollow with a notice of claim (see Matter of Lopez v County of Nassau, 120 AD3d 688, 689; Matter of Gershanow v Town of Clarkstown, 88 AD3d 879, 880). Although a police aided case report prepared by the OBCPD did not provide Laurel Hollow with actual knowledge of the essential facts constituting the claim, the petitioner established that Laurel Hollow would not be prejudiced by the delay. Of note, the roller that the petitioner was operating at the time of the accident has been continuously preserved by the petitioner's employer pursuant to a court order. In opposition, Laurel Hollow failed to come forward with particularized evidence demonstrating that it would be substantially prejudiced by the delay (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466-467). Under these circumstances, the Supreme Court providently exercised its discretion in granting the petition to deem the late notice of claim timely served nunc pro tunc.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court