Matter of Ibrahim v New York City Tr. Auth. (2022 NY Slip Op 00862)





Matter of Ibrahim v New York City Tr. Auth.


2022 NY Slip Op 00862


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
COLLEEN D. DUFFY
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-09297
 (Docket No. 706233/19)

[*1]In the Matter of Dahlia Ibrahim, appellant,
v
New York City Transit Authority, et al., respondents-respondents, et al., respondents.


Law Office of Stephen A. Strauss, P.C., Whitestone, NY (Ira Levine of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered July 15, 2019. The order, insofar as appealed from, denied the petition.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 8, 2018, the petitioner, a passenger on a bus which was traveling on the Whitestone Bridge, allegedly was injured when an unidentified vehicle struck another vehicle, causing that vehicle to then collide with the bus. A police accident report was prepared by the Triborough Bridge and Tunnel Authority (hereinafter TBTA), and a separate report was prepared by the New York City Transit Authority (hereinafter NYCTA). Within 90 days after the accident, the petitioner served a notice of claim on the City of New York. On March 1, 2019, the petitioner served a notice of claim without leave of court upon the NYCTA, which alleged, inter alia, that the petitioner sustained multiple personal injuries based upon the NYCTA's employee's negligence in failing to properly operate the bus. In April 2019, the petitioner commenced this proceeding against, among others, the NYCTA, seeking leave to serve a late notice of claim. The Supreme Court denied the petition, and the petitioner appeals.
In determining whether to exercise discretion to extend the time for a petitioner to serve a notice of claim, the court must consider all relevant facts and circumstances, including, but not limited to, whether (1) the municipality or public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the delay would substantially prejudice the municipality or public corporation in its defense, and (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim (see General Municipal Law § 50-e[5]; Matter of Nadler v City of New York, 166 AD3d 618; Matter of Naar v City of New York, 161 AD3d 1081, 1082; Matter of Tejada v City of New York, 161 AD3d 876, 877; Matter of Ryan v New York City Tr. Auth., 110 AD3d 902).
Here, the petitioner failed to demonstrate that the NYCTA had actual knowledge of the essential facts constituting the claim within 90 days after its accrual or a reasonable time thereafter. Contrary to the petitioner's contention, the police report prepared by the TBTA, and the separate report prepared by the NYCTA, did not contain facts from which it can be readily inferred [*2]that a potentially actionable wrong had been committed by the NYCTA (see Matter of Nunez v Village of Rockville Ctr., 176 AD3d 1211, 1214-1215; Matter of Perez v City of New York, 175 AD3d 1534; Casias v City of New York, 39 AD3d 681, 683). Accordingly, the reports did not provide the NYCTA with actual knowledge of the facts constituting the petitioner's claim that she sustained personal injuries as a result of the NYCTA's negligence (see Matter of Harding v Yonkers Cent. Sch. Dist., 170 AD3d 725; Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d 849, 850; Peters-Heenpella v Wynn, 105 AD3d 725, 726; Matter of Harper v City of New York, 69 AD3d 939, 940).
Furthermore, contrary to the petitioner's contention, the no-fault claim form served upon the NYCTA was insufficient to satisfy the notice of claim requirement of General Municipal Law § 50-e (see Astree v New York City Tr. Auth., 31 AD3d 589; Lawrence v Liberty Lines Tr., 299 AD2d 398; Kossifos v Liberty Lines Tr., 277 AD2d 205; Zydyk v New York City Tr. Auth., 151 AD2d 745, 745).
In addition, the petitioner presented no "evidence or plausible argument" that her delay in serving a notice of claim did not substantially prejudice the NYCTA in defending on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; see Kelly v City of New York, 153 AD3d 1388, 1390). Nor did the petitioner demonstrate a reasonable excuse for her failure to serve a timely notice of claim (see Casey v State of New York, 161 AD3d 720, 721; Almedia v State of New York, 70 AD2d 712, 713; Brennan v State of New York, 36 AD2d 569).
The petitioner's remaining contentions are without merit.
Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the petition for leave to serve a late notice of claim.
LASALLE, P.J., DUFFY, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court