Matter of Balbuenas v New York City Health & Hosps. Corp. (2022 NY Slip Op 05526)

Matter of Balbuenas v New York City Health & Hosps. Corp.

2022 NY Slip Op 05526

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-05260
 (Index No. 718447/19)

[*1]In the Matter of Micaela Balbuenas, et al., appellants,
v
New York City Health and Hospitals Corporation, et al., respondents.

Silberstein Awad & Miklos, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellants.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Scott Shorr and Antonella Karlin of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered March 3, 2020. The order denied the petition and dismissed the proceeding.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the petition which was for leave to serve a late notice of claim on behalf of the petitioner Micaela Balbuenas, and substituting therefor a provision granting that branch of the petition; as so modified, the order is affirmed, with costs to the petitioners.
In January 2018, Micaela Balbuenas learned that she was pregnant during a medical appointment at Bellevue Hospital Center (hereinafter the hospital), a municipal hospital located in New York County and operated by the New York City Health and Hospitals Corporation (hereinafter NYCHHC). The hospital's medical staff characterized Balbuenas's pregnancy as high risk due to her uncontrolled diabetes, and she thereafter received regular prenatal care at the hospital. Balbuenas was scheduled to be induced at 37 weeks, i.e., on August 1, 2018. However, when Balbuenas presented to the hospital two days before the scheduled induction, the medical staff determined that there was no fetal heartbeat. On July 31, 2018, Balbuenas gave birth to a stillborn baby. She thereafter received mental health treatment relating to emotional and psychological difficulties she experienced as a result of the stillbirth.
In July 2019, Balbuenas and her husband, Palemon Mendez (hereinafter together the petitioners), retained counsel. Approximately three months later, the petitioners commenced this proceeding pursuant to General Municipal Law § 50-e(5) in the Supreme Court, Queens County, for leave to serve a late notice of claim upon NYCHHC and the hospital (hereinafter together the respondents). By order entered March 3, 2020, the Supreme Court denied the petition and dismissed the proceeding on the ground of improper venue, without prejudice to the filing of a new petition in New York County for the same relief. The petitioners appeal.
Pursuant to section 20 of the New York City Health and Hospitals Corporation Act, an action against NYCHHC "shall be brought in the City of New York, in the county within the city in which the cause of action arose" (McKinney's Uncons Laws of NY § 7401[3]; see Wager v Pelham Union Free Sch. Dist., 108 AD3d 84, 87). This and other statutory venue provisions "are designed to further the convenience of governmental entities" (Wager v Pelham Union Free Sch. Dist., 108 AD3d at 91). "[W]hile couched in mandatory language," such venue provisions "are not jurisdictional in nature" (id.). As a result, a defendant or respondent may implicitly "waive proper venue as a matter of right" in an action or proceeding that is filed "in an improper county . . . if it does not timely demand or move for a change of venue in accordance with CPLR 510 and 511" (id. at 90; see Arduino v Molina-Ovando, 141 AD3d 622, 623). Therefore, even though the medical malpractice cause of action the petitioners seek to assert herein arose in New York County, the respondents waived any objection to the venue of this proceeding for leave to serve a late notice of claim by not raising such an objection in opposition to the petition.
Moreover, "in the absence of a motion or consent, [a] court ha[s] no authority to sua sponte change [the] venue" of an action or proceeding or to, "in effect, do so by dismissing [the action or proceeding] without prejudice to refiling in the proper county" (Matter of Travelers Indem. Co. of Ill. v Nnamani, 286 AD2d 769, 770). The Supreme Court therefore erred when it raised the issue of improper venue sua sponte and dismissed this proceeding on that ground. The court should have instead decided the merits of the petition. Since the record before this Court is fully developed and the parties have briefed the relevant issues, we deem it appropriate to address the merits in the interest of judicial economy, rather than remitting the matter to the Supreme Court to do so (see Padarat v New York City Tr. Auth., 175 AD3d 700, 703; Matter of Joy v County of Suffolk, 89 AD3d 1025, 1026).
"In determining whether to exercise discretion to extend the time for a petitioner to serve a notice of claim, the court must consider all relevant facts and circumstances, including, but not limited to, whether (1) the municipality or public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the delay would substantially prejudice the municipality or public corporation in its defense, and (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim" (Matter of Ibrahim v New York City Tr. Auth., 202 AD3d 786, 787). "The presence or absence of any one of these factors is not dispositive" (Rodriguez v Westchester Med. Ctr. [WMC], 196 AD3d 659, 660).
Where leave is sought in one proceeding to pursue both a direct claim by an injured person and a derivative claim by his or her spouse, the spouse's request for leave to serve a late notice of claim will not automatically be granted even if leave is granted to the injured person. Instead, the spouse's request must be analyzed separately (see Hayden v Incorporated Vil. of Hempstead, 103 AD2d 765, 766; Matter of Holland v New York City Health & Hosps. Corp., 81 AD2d 638, 639; see also Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 151-152).
"In medical malpractice cases, when the medical records themselves contain facts that detail both the procedures used and the [patient's] injuries, and suggest that the relevant public corporation may be responsible for those injuries, the public corporation will be held to have had actual knowledge of the essential facts constituting the claim" (Matter of Rojas v New York City Health & Hosps. Corp., 127 AD3d 870, 872-873 [internal quotation marks omitted]). On the other hand, "[m]erely having or creating hospital records, without more, does not establish actual knowledge of a potential injury where [those] records do not evince that the medical staff, by its acts or omissions, inflicted any injury" (Pannell v New York City Health & Hosps. Corp., 192 AD3d 1130, 1131 [internal quotation marks omitted]). The alleged malpractice must be "apparent from an independent review of the medical records" (J.H. v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.], 169 AD3d 880, 883 [internal quotation marks omitted]). "While expert opinion may be helpful to this showing, it is not required where the basic facts underlying the malpractice claims can be gleaned from the . . . medical records" (Ahmed v New York City Health & Hosp. Corp., 204 AD3d 870, 872 [internal quotation marks omitted]).
Here, the petitioners failed to demonstrate that the medical records, on their face, established that the medical staff at the hospital, by its acts or omissions, caused the stillbirth (cf. Rodriguez v Westchester Med. Ctr. [WMC], 196 AD3d at 660). The petitioners' expert, in effect, opined only that "there could have been a better result . . . [if] the . . . medical staff [had] taken a different course of treatment," which is insufficient to establish the requisite actual knowledge (see W.Z. v New York City Health & Hosps. Corp., 185 AD3d 759, 761). While the actual knowledge factor generally should be given "great weight" in the analysis (Etienne v City of New York, 189 AD3d 1400, 1401 [internal quotation marks omitted]), the petitioners' failure to satisfy that factor is not fatal to their petition for leave to serve a late notice of claim (see Matter of Davis v Incorporated Vil. of Laurel Hollow, 195 AD3d 1019, 1020). Accordingly, analysis of the other factors is required.
"To establish lack of substantial prejudice, the petitioner must meet a threshold burden of presenting some evidence or plausible argument that supports a finding of no substantial prejudice" (Matter of Shumway v Town of Hempstead, 187 AD3d 758, 759). "Such a showing need not be extensive" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466). "Once this initial showing has been made, the respondent must respond with a particularized evidentiary showing that it will be substantially prejudiced if the late notice is allowed" (Matter of Shumway v Town of Hempstead, 187 AD3d at 759 [internal quotation marks omitted]). A public corporation or municipality will not be deemed to suffer prejudice if there is reason to believe that it will be able to adequately investigate and defend the claim on the merits (see Matter of Catania v City of New York, 188 AD3d 1041, 1043). "[T]he mere passage of time normally will not constitute substantial prejudice in the absence of some showing of actual injury" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466 [internal quotation marks omitted]).
Here, the petitioners met their initial minimal burden of providing a plausible argument supporting a finding of no substantial prejudice based on their contention that the respondents could defend themselves by reviewing the relevant medical records, interviewing witnesses, and consulting with experts. In opposition, the respondents failed to make a particularized evidentiary showing of substantial prejudice. Instead, they offered generic statements of prejudice based on inference and speculation regarding the passage of time and the fading memories of witnesses (see id. at 465-466). The respondents' contention that they would suffer prejudice was also undermined by their expert's ability to offer the opinion that the hospital's medical staff did not deviate from the accepted standard of care and that any alleged deviation played no causal role in the stillbirth.
A petitioner may be able to establish a reasonable excuse for not timely serving a notice of claim based on an injury or medical condition, but only "through admissible medical evidence that he [or she] was incapacitated to such an extent that he [or she] could not have complied with the statutory requirement" (Matter of Smith v Westchester County Health Care Corp., 165 AD3d 1150, 1151; see Robertson v New York City Hous. Auth., 237 AD2d 501, 501-502). Similarly, even absent incapacitation, a reasonable excuse may be established by an allegation that a petitioner was more concerned and preoccupied with his or her alleged injuries or those of a spouse or child than with retaining counsel to pursue a legal claim, but only when such an allegation is supported by medical evidence (see Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790, 791; Matter of Klass v City of New York, 103 AD3d 800, 801). Here, Balbuenas demonstrated a reasonable excuse for her delay due to her emotional and psychological injuries and the accompanying preoccupation with her well-being, as well as her attorney's prompt investigation into the claim (see Matter of Pazienza v Westchester County Health Care Corp., 142 AD3d 669, 670; cf. Decker v State of New York, 164 AD3d 650, 652). Contrary to the respondents' contention, the medical records do not reveal a significant gap in time between the cessation of Balbuenas's mental health treatment and her retention of counsel. Mendez, however, failed to establish a reasonable excuse for his failure to serve a timely notice of claim seeking damages for loss of consortium.
Under the circumstances of this case, Balbuenas established that leave to serve a late notice of claim was warranted by setting forth a reasonable excuse for her delay and demonstrating that the delay would not cause the respondents to suffer substantial prejudice (see Matter of Davis [*2]v Incorporated Vil. of Laurel Hollow, 195 AD3d at 1020; Matter of Brown v New York City Hous. Auth., 182 AD3d 594, 595-596). Mendez, however, did not establish that leave to serve a late notice of claim on his behalf was warranted, as the only factor weighing in his favor was the lack of substantial prejudice (see Matter of Peterson v New York City Dept. of Envtl. Protection, 66 AD3d 1027, 1030).
Accordingly, the Supreme Court should not have dismissed the proceeding sua sponte based on improper venue. Instead, the court should have reached the merits of the petition for leave to serve a late notice of claim and, upon doing so, should have granted the petition as to Balbuenas, and denied it as to Mendez.
The parties' remaining contentions either have been rendered academic by our determination, or are improperly based on matter dehors the record (see Matter of Nunez v Village of Rockville Ctr., 176 AD3d 1211, 1216; Graham v Courtesy Transp. Servs., Inc., 145 AD3d 966, 968; Wilson v Wilson, 21 AD3d 548, 549).
IANNACCI, J.P., RIVERA, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court