| |
|---|
| **Matter of Dorosz v NYC Health + Hosps.** |
| 2025 NY Slip Op 30398(U) |
| January 30, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 526466/2024 |
| Judge: Consuelo Mallafre Melendez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

**At an IAS Term, Part MMESP-7 of the Supreme Court of the State of NY, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 30th day of January 2025.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------------X
In the Matter of the Application of GRETCHEN DOROSZ, as
Administrator of the Estate of KYLE DOROSZ, Deceased, and
GRETCHEN DOROSZ, Individually,

       Petitioner,

  -against-


NYC HEALTH + HOSPITALS, NEW YORK CITY HEALTH
AND HOSPITALS CORPORATION and WOODHULL
HOSPITAL,

       Respondents.
-------------------------------------------------------------------------X

**DECISION & ORDER**

Index No. 526466/2024
Mo. Seq. 1

**HON. CONSUELO MALLAFRE MELENDEZ, J.S.C**.

Recitation, as required by CPLR §2219 [a], of the papers considered in the review:

<u>NYSCEF #s:</u> 1 – 13, 17 – 20, 21 – 24


Petitioners Kyle Dorosz ("Decedent") and Gretchen Dorosz moved by Order to Show Cause (Seq. No. 1) for an Order, pursuant to Gen. Mun. Law § 50-e (5), extending the petitioners' time to serve a notice of claim and/or deeming the notice of claim timely served nunc pro tunc.

This petition and Order to Show Cause were initiated on September 30, 2024. Decedent passed away on November 22, 2024, and his spouse Gretchen Dorosz was substituted in the caption, as administrator of his estate and individually.

Respondents New York City Health and Hospitals Corporation ("NYCHHC"), also named herein as NYC Health + Hospitals and Woodhull Hospital, oppose the motion.

The underlying claims in this action involve allegations of medical malpractice, in connection to Decedent's evaluation and treatment for headaches and neurological symptoms at Woodhull Hospital on

1

[* 1]

November 28, 2023. Petitioner Gretchen Dorosz also asserts derivative claims for loss of services. As more than 90 days have elapsed since the claim arose, the petitioner seeks leave to serve a late notice of claim.

Pursuant to Gen. Mun. Law § 50-e (5), the court has discretion to extend the time for service of a notice of claim. In making such determination, the court considers "all relevant facts and circumstances, including, but not limited to, whether (1) the municipality or public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the delay would substantially prejudice the municipality or public corporation in its defense, and (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim" (*Ibrahim v New York City Tr. Auth.,* 202 AD3d 786, 787 [2d Dept 2022]). "The presence or absence of any one factor is not determinative" (*Santos v Westchester Medical Center,* 216 AD3d 1121, 1122 [2d Dept 2023]; *see also Matter of Balbuenas v New York City Health & Hosps. Corp.,* 209 AD3d 642 [2d Dept 2022]).

Here, Petitioner has shown a reasonable excuse for the delay in serving notice of claim. Shortly after his discharge from NYCHHC/Woodhull Hospital, Decedent suffered a brain injury which left him severely disabled and incapacitated during the 90-day notice period and until his death. His hospital records show that he was assessed and treated at Woodhull Hospital emergency department on November 28, 2023, and discharged at approximately 4:30 p.m. The same evening, he presented to NYU Langone Medical Center, where he was admitted with suspected viral meningitis. He then experienced an ischemic stroke, brain hemorrhage, and cardiopulmonary arrest within 48 hours. He remained hospitalized at NYU Langone until April 24, 2024, after which he resided at a series of long-term care facilities and other hospitals. Decedent remained on a tracheostomy tube and ventilator-assisted breathing for the remainder of his life, experienced a host of medical issues including "locked-in syndrome" (paralysis inhibiting all muscle movement), and was only able to communicate through eye movement and gestures.

Decedent was 38 years old at the time of these events, and his wife became the primary caregiver of their two minor children and relocated from Brooklyn to her parents' home in upstate New York, with Decedent

2

residing nearby in a Rochester chronic care hospital. On approximately September 6, 2024, Decedent's wife retained legal counsel, and this petition and proposed notice of claim was filed within the same month.

"[W]hether the claimant was an infant, or mentally or physically incapacitated, or died before the time limited for service of the notice of claim" is a relevant fact that weighs in favor of permitting a late notice of claim, as expressly stated in Gen. Mun. Law § 50-e (5). Generally, this must be demonstrated by the petitioner "through admissible medical evidence that he was incapacitated to such an extent that he could not have complied with the statutory requirement to serve a timely notice of claim" (*Murnane v New York City School Construction Authority,* 164 AD3d 506, 507 [2d Dept 2018]).

Further, an injury or medical condition need not rise to the level of total incapacitation to constitute a reasonable excuse. The Second Department has held that "even absent incapacitation, a reasonable excuse may be established by an allegation that a petitioner was more concerned and preoccupied with his or her alleged injuries or those of a spouse or child than with retaining counsel to pursue a legal claim," provided that "such an allegation is supported by medical evidence" (*Matter of Balbuenas,* at 646). In that case, the petitioner established a reasonable excuse based on her documented depression and mental health treatment following a stillbirth and the fact she retained counsel a reasonable time thereafter.

Here, Decedent's prolonged hospitalization and severe disability stemming from the alleged acts and omissions of the respondents, which prevented the timely filing of a notice of claim, are supported by the medical records from NYU Langone and other providers. Under these circumstances, it is wholly reasonable that Decedent was delayed in retaining counsel and pursuing the medical malpractice claims herein. Petitioner has established through their submissions that the delay in filing a notice of claim was excusable and a direct result of Decedent's physical incapacitation and his continued medical treatment.

The individual claim of Decedent's spouse for loss of services/loss of consortium is subject to a separate analysis which requires its own showing of reasonable excuse (*see Matter of Balbuenas,* at 647). Due to the same circumstances discussed above, the petitioner has met this burden. As the court held in *Balbuenas,* a

3

[* 3]

reasonable excuse may be established where the claimant was preoccupied with their own injuries and wellbeing *or that of a spouse or child.* Unlike in that case, where the husband provided no explanation at all as to his own delay, the submissions herein – including medical records showing Decedent's wife was responsible for signing documents and communicating with doctors on his behalf – support the petitioner's argument that she was fully occupied in caring for husband's medical needs and the needs of their young children, and she only had the ability to pursue a legal claim after he had undergone several months of treatment and care at different facilities. Once Decedent and his wife retained legal counsel in September 2024, there was a prompt investigation into the claims and the instant petition was filed without any further delay. For this reason, the Court finds that the petitioner has demonstrated a reasonable excuse for failure to timely serve notice, both on Decedent's behalf and for her own derivative claims.

Petitioner also demonstrates that the late filing of the notice of claim would cause no substantial prejudice to NYCHHC. The treatment at issue occurred less than a year before this petition and is still within the statute of limitations. Contrary to the respondents' argument, the petitioners need only present "some evidence or plausible argument that supports a finding of no substantial prejudice" to meet their initial burden, and the burden then shifts to the respondent to make "a particularized evidentiary showing that the corporation will be substantially prejudiced if the late notice is allowed" (*Matter of Newcomb v Middle Country Cent. School Dist.,* 28 NY3d 455, 466 [2016]; *Shumway v Town of Hempstead,* 187 AD3d 758 [2d Dept 2020]). In the moving papers, Petitioner argues that NYCHHC was able to produce Decedent's complete Woodhull Hospital records in a matter of weeks. This supports a finding that there are no stale or missing records which would impact their ability to "defend themselves by reviewing the relevant medical records, interviewing witnesses, and consulting with experts" (*Matter of Balbuenas,* at 646).

Indeed, NYCHHC's own submissions in opposition suggest that the late notice of claim has not hindered their ability to investigate or maintain a defense as they would in any other medical malpractice action – they were able to produce Decedent's complete treatment records from November 2023 *and* secure an expert

[* 4]

affirmation from a physician to argue the merits of the case. They have presented no particularized evidence that they would be substantially prejudiced in their defense by permitting a late notice of claim.

Petitioner only fails to demonstrate that NYCHHC had "actual knowledge" of the essential facts constituting these claims. The existence of hospital records alone does not constitute knowledge that an injury occurred due to malpractice, unless those records "evince that the medical staff, by its acts or omissions, inflicted any injury on plaintiff" (*see Wally G. ex rel. Yoselin T. v New York City Health and Hosps. Corp.,* 27 NY3d 672, 677 [2016]). The movant made no initial showing that "alleged malpractice is apparent from an independent review of the medical records" (*J.H. v New York City Health & Hosps. Corp. [Elmhurst Hosp. Ctr.],* 169 AD3d 880 [2d Dept 2019]). It was their burden to address this issue in their original motion, and the physician affirmation offered for the first time in reply cannot properly be considered to satisfy that burden (*see generally Lopresti v Alzoobaee,* 217 AD3d 759, 761 [2d Dept 2023]; *Rivera v Roman Catholic Archdiocese of New York,* 197 AD3d 744, 745 [2d Dept 2021]).

The Court therefore cannot find that NYCHHC had actual knowledge of the underlying claims within the 90-day period. However, this is just one non-dispositive factor in permitting a late notice of claim, and the Court has discretion to review all relevant facts and circumstances.

The statutory notice of claim requirement is intended to provide municipal corporations with "adequate opportunity . . . to explore the merits of the claim while information is still readily available" without "frustrat[ing] the rights of individuals with legitimate claims" (*Teresta v City of New York,* 304 NY 440 [1952]; *Ramos v New York City Housing Authority,* 162 AD3d 884, 885 [2d Dept 2018]). In consideration of the Decedent's well-documented incapacitation and medical treatment which reasonably prevented him and his spouse from timely complying with the statute, and the lack of substantial prejudice to the respondents in exploring and defending

5

[* 5]

the claim on its merits, the motion (Seq. No. 1) for leave to file a late notice of claim is **granted.** The notice of claim shall be filed and served on respondents within 10 days of this order.

Accordingly, it is hereby:

**ORDERED** that the Petition (Seq. No. 1) for an Order, pursuant to Gen. Mun Law § 50-e, granting leave to serve a late notice of claim is **granted;** and it is further

**ORDERED** that the notice of claim shall be filed and served on NYCHHC within 10 days of entry of this order on NYSCEF.

This constitutes the decision and order of this Court.

**ENTER.**

_____

**Hon. Consuelo Mallafre Melendez**

**J.S.C.**

6

[* 6]