Efrosman v New York City Health & Hosps. Corp. (2025 NY Slip Op 50312(U))

[*1]

Efrosman v New York City Health & Hosps. Corp.

2025 NY Slip Op 50312(U)

Decided on March 10, 2025

Supreme Court, Kings County

Mallafre Melendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 10, 2025
Supreme Court, Kings County

Alexander Efrosman and RACHEL EFROSMAN, Petitioners,

against
New York City Health and Hospitals Corporation, Respondent.

Index No. 526737/2024

Petitioners
Jennie Shatynski, Esq. (asherlaw@asherlaw.com)
Asher & Associates
111 John Street, 14th Floor
New York, NY 10038
917-566-5200
Respondent
Richard Wolf, Esq. (Richard.wolf@mcblaw.com)
Martin Clearwater & Bell LLP
245 Main Street
White Plains, NY 10601
914-328-2969

Consuelo Mallafre Melendez, J.

Recitation, as required by CPLR §2219 [a], of the papers considered in the review:
NYSCEF #s: 2 — 4, 6 — 7, 10 — 15, 16 — 17
Petitioners Alexander Efrosman and Rachel Efrosman moved by Order to Show Cause (Seq. No. 1) for an Order, pursuant to Gen. Mun. Law § 50-e (5), granting the petitioners leave to serve a late notice of claim. Respondents New York City Health and Hospitals Corporation ("NYCHHC") oppose the petition.
The petitioners' underlying claim against NYCHHC is alleged medical malpractice. Specifically, the proposed notice of claim states: "Upon belief, the claim arose on June 24, 2024 at an HHC facility, South Brooklyn Health a/k/a Coney Island Hospital Center, where plaintiff had been admitted and due to [*2]defendant's negligence, suffered a cardiac arrest resulting in hypoxia, causing memory loss, cognitive issues and loss of taste and smell." Petitioners served their proposed notice of claim on September 27, 2024, after the statutory 90-day period expired (see Gen. Mun. Law § 50-e). This petition was filed on October 1, 2024.
As an initial matter, it is a statutory requirement that a petition for leave to serve a late notice of claim "shall be accompanied by a copy of the proposed notice of claim" (Gen. Mun. Law 50-e [7]). The petition herein was defective because it only included the first page of the proposed notice of claim (NYSCEF Doc. No. 4). However, the complete two-page version was received by the respondents, as it was included in their opposition papers and the petitioners' reply. The Court will therefore consider the corrected proposed notice of claim in its decision, pursuant to CPLR 2001.
Under Gen. Mun Law § 50-e (5), "[c]ourts have broad discretion to extend the 90-day time limitation 'in exceptional cases' upon consideration of all relevant factors, provided the statute of limitations of one year and 90 days has not already expired" (Jaime v City of New York, 41 NY3d 531, 540 [2024]). "In determining whether to grant or deny leave to serve a late notice of claim, the court must consider in particular whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of the clam's accrual or within a reasonable time thereafter" (id.). The court also considers other "relevant facts and circumstances, including, but not limited to, whether . . . the delay would substantially prejudice the municipality or public corporation in its defense, and . . . the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim" (Ibrahim v New York City Tr. Auth., 202 AD3d 786, 787 [2d Dept 2022]).
"The presence or absence of any one of these factors is not dispositive" (Balbuenas v New York City Health & Hosps. Corp., 209 AD3d 642, 644 [2d Dept 2022], quoting Rodriguez v Westchester Med. Ctr. [WMC], 196 AD3d 659, 660 [2d Dept 2021]). However, "courts are to place a great weight" on the factor of actual knowledge (Jaime, at 540, quoting Beary v City of Rye, 44 NY2d 398 [1978]). "While the contents of records in the municipality's possession may sometimes be sufficient to demonstrate that a municipality acquired actual knowledge of the essential facts constituting the claim within a reasonable time, 'mere possession or creation of records does not ipso facto establish actual knowledge'" (id., at 545, quoting Wally G. ex rel. Yoselin T. v New York City Health and Hosps. Corp., 27 NY3d 672, 677 [2016]). In the case of a medical malpractice claim, the records themselves must "evince that the medical staff, by its acts or omissions, inflicted [an] injury on plaintiff" (Wally G., at 677; Williams v Nassau County Med. Ctr., 6 NY3d 531, 537 [2006]). The court may find actual knowledge was acquired where the potential malpractice claim "is apparent from an independent review of the medical record" or can be "gleaned from the petitioner's medical records" on their face (J.H. v New York City Health and Hosps. Corp., 169 AD3d 880, 884 [2d Dept 2019]; Matter of Rojas v New York City Health & Hosps. Corp., 127 AD3d 870 [2d Dept 2015]).
Here, Petitioners did not submit any evidence to support a finding that the respondents had actual knowledge of the essential facts underlying their malpractice claim. The vague assertion within the moving papers that those records would show the patient suffered a cardiac arrest and developed cognitive damage while being treated at the respondent hospital is not sufficient. Unlike any of the lower court or appellate cases cited by Petitioners, their argument that the medical records evince malpractice is wholly conclusory and not substantiated by a review of the actual records.
On the contrary, the respondents submitted records in opposition which directly contradict the facts as stated in the proposed notice of claim. The notice of claim alleges that "the claim arose on June 24, 2024 at an HHC facility, South Brooklyn Health a/k/a Coney Island Hospital, where plaintiff had been admitted, and due to defendant's negligence suffered a cardiac arrest resulting in hypoxia, causing memory loss, cognitive issues and loss of taste and smell." The respondents submit hospital records and an employee's affidavit establishing that the patient arrived at South Brooklyn Health in cardiac arrest and with hypoxia on June 9, 2024. Before arriving at the facility, he was "found unresponsive by his wife at home" with "blue fingers, lips and face" and was successfully resuscitated by EMS (see Exhibit A, at 21, [*3]62). He was treated for cardiac arrest and respiratory failure and discharged in stable condition on June 19, 2024. There is no record of an admission or hospital visit on June 24, 2024.
The discrepancy is not only the date of alleged treatment, but more significantly, the essential allegation that the patient's cardiac arrest, hypoxia, and the sequelae of those conditions occurred at South Brooklyn Health or resulted from their negligence. The records indicate that his cardiac arrest and resuscitation by EMS occurred prior to his admission. There is no record that he suffered another cardiac arrest or that his condition worsened during his hospitalization or post-discharge.
It must be noted that, although courts generally do not "delve into the merits of an action" on an application for leave to serve a late notice of claim, such leave shall not be granted "where the underlying claim is patently meritless" (Walsh v Knudsen, 198 AD3d 843, 845 [2d Dept 2021]; see also Matter of Hess v West Seneca Cent. School Dist., 15 NY3d 813, 814 [2010]; Matter of Catherine G. v County of Essex, 3 NY3d 175 [2004]). Here, the claim is that the cardiac episode occurred during the admission; while the records of non-party EMS evince that the petitioner was found unresponsive in his home prior to entering the hospital. The inconsistency as to the substance of the claim cannot be reconciled by any of the parties' submissions. Additionally, neither the petitioner who received the medical treatment nor his spouse submitted an affidavit based on their personal knowledge of the facts, clarifying the ambiguities and discrepancies between the claim and hospital records.
In sum, the petitioners made no initial showing to establish that NYCHHC had "actual knowledge" of the facts underlying the claim. Further, based on review of all the parties' submissions, the potential malpractice claim cannot be inferred from the hospital records, and the allegations are plainly contradicted by those records and appear lacking in merit.
A petitioner's reasonable excuse for filing a late notice of claim must also be supported by competent evidence (see Balbuenas, at 646). While a personal affidavit is not a strict requirement, it provides at least some evidentiary support, whereas an "entirely speculative" argument suggesting a possible excuse is insufficient (Jaime, at 545). Where appropriate, a claim that the petitioner was incapacitated or preoccupied with their injuries may constitute a reasonable excuse, "but only when such an allegation is supported by medical evidence" (Balbuenas, at 646-647; Williams v Jamaica Hosp. Medical Center, 124 AD3d 636, 638 [2d Dept 2015]).
Here, no excuse for the delay is provided by the petitioners, only a vague and conclusory statement in the attorney affirmation that it was caused by "plaintiff's inability to timely obtain his records due to plaintiff's medical condition and subsequent medical treatment." This suggested excuse does not serve to explain the delay in filing the claim. Indeed, they were not in possession of the hospital records when the late notice of claim was filed, as Petitioners' counsel acknowledged in a reply affirmation, and the first records they obtained were those submitted by NYCHHC in opposition to this motion. There is no explanation as to any prior attempts or efforts to obtain and review these medical records, or why the lack of records was a barrier to filing the notice of claim. Additionally, any excuse submitted here based upon the petitioner's medical condition remains unsupported. Thus, the proffered excuse is inadequate, and petitioners have failed to provide any other basis for the Court to hold that there is a reasonable excuse for the untimely notice.
Finally, Petitioners argue that the late filing of the notice of claim would cause no substantial prejudice to respondent NYCHHC. On this factor, the petitioners do not have a heavy burden, but they must present "some evidence or plausible argument that supports a finding of no substantial prejudice" (Matter of Shumway v Town of Hempstead, 187 AD3d 758 [2d Dept 2020], citing Newcomb v Middle County Cent. School Dist., 28 NY3d 455 [2016]).
Petitioners' sole argument on the lack of substantial prejudice in this case is that the hospital was "contemporaneously aware" of the facts and the "medical records should have alerted the Defendants to the facts and circumstances constituting the negligence that caused the Plaintiff's injury." Essentially, Petitioners assert that NYCHHC had actual knowledge, and therefore there is no substantial prejudice. For the reasons already discussed, the Court finds no evidence that those records "alerted" the [*4]respondents to the underlying facts of the claim. Moreover, prejudice in the respondent's ability to investigate the claims is evident because the discrepancies in the proposed notice of claim make it unclear, to this date, what the essential claim and underlying facts are. The failure to demonstrate NYCHHC's actual knowledge is therefore also fatal to their substantial prejudice argument (see Jaime, at 543-544; Rayson v New York City Health and Hosps. Corp., 165 AD3d 948, 949 [2d Dept 2018]). In sum, the petitioners' submissions before the Court have not met their initial burden of providing any evidence or plausible argument to support a finding of no substantial prejudice.
Even if they had met this burden and shown a lack of substantial prejudice, this is only one factor in the court's determination, and, in these circumstances, it does not outweigh the absence of any showing of actual knowledge or reasonable excuse (Balbuenas, at 647; Matter of Peterson v New York City Dept. of Envtl. Protection, 66 AD3d 1027, 1030 [2d Dept 2009]).
Based upon the petitioners' failure to set forth evidence of actual knowledge, reasonable excuse for the delay, lack of substantial prejudice, or any other relevant factor under Gen. Mun. Law 50-e (5), the Court is constrained to deny this petition.
Accordingly, it is hereby:
ORDERED that the Petition (Seq. No. 1) for an Order, pursuant to Gen. Mun Law § 50-e, granting leave to serve a late notice of claim, is denied.
This constitutes the decision and order of this Court.
ENTER.
Hon. Consuelo Mallafre Melendez
J.S.C.