Matter of Charbrut v City of New York (2025 NY Slip Op 01924)

Matter of Charbrut v City of New York

2025 NY Slip Op 01924

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-09094
 (Index No. 712077/23)

[*1]In the Matter of Justin Charbrut, appellant,
v
City of New York, respondent.

Decolator, Cohen & DiPrisco, LLP, Garden City, NY (Carolyn M. Canzoneri of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Shane A. Magnetti of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered July 28, 2023. The order, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On December 5, 2022, the petitioner, a police officer with the New York City Police Department, allegedly sustained injuries while lifting a moped from the street and placing the moped into the back of a police van. According to the petitioner, the negligence of the respondent City of New York caused his injuries. The petitioner had until March 6, 2023, to serve a timely notice of claim upon the City (see General Municipal Law § 50-e[1][a]; General Construction Law § 25-a[1]) but failed to do so. In June 2023, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim. The City opposed the petition. By order entered July 28, 2023, the Supreme Court, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
"Pursuant to General Municipal Law § 50-e(1)(a), a party seeking to sue a public corporation . . . must serve a notice of claim on the prospective defendant 'within ninety days after the claim arises'" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460, quoting General Municipal Law § 50-e[1][a]). "The notice of claim requirement [serves] to give public corporations . . . an opportunity for timely and efficient investigation of tort claims, as well as to protect them against stale claims" (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 143 [citation omitted]). However, "General Municipal Law § 50-e(5) permits a court, in its discretion, to extend the time for a petitioner to serve a notice of claim" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 460-461). "In determining whether to exercise discretion to extend the time for a petitioner to serve a notice of claim, the court must consider all relevant facts and circumstances, including, but not limited to, whether (1) the municipality or public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the delay would substantially prejudice the [*2]municipality or public corporation in its defense, and (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim" (Matter of Balbuenas v New York City Health & Hosps. Corp., 209 AD3d 642, 644 [internal quotation marks omitted]). "Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipality acquired timely, actual knowledge is of great importance" (Matter of Galicia v City of New York, 175 AD3d 681, 682; see Matter of Romero v County of Suffolk, 208 AD3d 662, 663).
"[A] public corporation's knowledge of [an] accident and [resulting] injury, without more, does not constitute actual knowledge of the essential facts constituting the claim, at least where the incident and the injury do not necessarily occur only as the result of fault for which it may be liable. In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim[, although it] need not have specific notice of the theory or theories themselves" (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 147-148 [citations and internal quotation marks omitted]; see Matter of Lang v County of Nassau, 210 AD3d 773, 774). In other words, to satisfy the actual knowledge factor, the public corporation must acquire information within the 90-day period after the claim arose, from which it must be able to "readily infer . . . that a potentially actionable wrong [was] committed by [its] employee" (Matter of Thill v North Shore Cent. Sch. Dist., 128 AD3d 976, 977 [alteration and internal quotation marks omitted]; see Matter of Steward v City of New York, 226 AD3d 912, 914).
Here, the Supreme Court properly concluded that the petitioner failed to demonstrate that the City acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter (see General Municipal Law § 50-e[5]; Matter of Clark v City of New York, 139 AD3d 849, 849-850). Contrary to the petitioner's contention, the line-of-duty injury report, aided report, and witness statement generated shortly after the incident "merely described the circumstances [thereof] without making a connection between the petitioner's injuries and the respondent's alleged negligent conduct" (Matter of Clark v City of New York, 139 AD3d at 850). These materials therefore did not permit the City "to readily infer . . . that a potentially actionable wrong had been committed by" its employees (Matter of Wright v City of New York, 66 AD3d 1037, 1038). Similarly, the involvement of the City's employees in the accident—the petitioner and a fellow officer, who witnessed the accident—did not, without more, serve to impute the requisite actual knowledge to the City (see Matter of Jaime v City of New York, 41 NY3d 531, 540).
"While the actual knowledge factor generally should be given great weight in the analysis," as previously noted, the petitioner's failure to satisfy that factor, standing alone, was not fatal to his petition (Matter of Balbuenas v New York City Health & Hosps. Corp., 209 AD3d at 645 [internal quotation marks omitted]; see Matter of Galicia v City of New York, 175 AD3d at 682). "Accordingly, analysis of the other factors is required" (Matter of Balbuenas v New York City Health & Hosps. Corp., 209 AD3d at 645).
However, the petitioner did not even attempt to provide an excuse for his delay, let alone establish a reasonable excuse (see Matter of Lang v County of Nassau, 210 AD3d at 775; Matter of Kelley v New York City Health & Hosps. Corp., 76 AD3d 824, 826-827). Therefore, even assuming that the petitioner satisfied his "threshold burden of presenting some evidence or plausible argument that support[ed] a finding of no substantial prejudice" and that the City failed to meet its opposition burden (Matter of Balbuenas v New York City Health & Hosps. Corp., 209 AD3d at 645 [internal quotation marks omitted]), we conclude that "the balance of relevant factors militate[d] against granting the petition" (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 153).
Accordingly, the Supreme Court providently exercised its discretion by, in effect, denying the petition and dismissing the proceeding.
BARROS, J.P., MILLER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court