Toponarova v New York City Health & Hosps. Corp. (2025 NY Slip Op 50729(U))

[*1]

Toponarova v New York City Health & Hosps. Corp.

2025 NY Slip Op 50729(U)

Decided on May 7, 2025

Supreme Court, Kings County

Melendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 7, 2025
Supreme Court, Kings County

Nataliya Toponarova and Viktor Toponarov, Petitioners,

against
New York City Health and Hospitals Corporation and SOUTH BROOKLYN HEALTH, Respondents.

Index No. 508593/2025

Petitioners
Aleksey Feygin, Esq. (alekseyfeygin&commat;adbokat.com)
Mark M. Basichas & Associates, P.C.
233 Broadway, Rm 2707
New York, NY 10279-2705
212-476-0999
Respondents
Andrew John Pinon (Andrew.pinon&commat;wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker, LLP
150 E. 42nd St
New York, NY 10017
212-915-5322

Consuelo Mallafre Melendez, J.

Recitation, as required by CPLR §2219 [a], of the papers considered in the review:
NYSCEF #s: 1 — 17, 18, 19 — 20
Petitioners move (Seq. No. 1) for an Order, pursuant to Gen. Mun. Law § 50-e, granting leave to file a late notice of claim and deem the notice of claim timely served nunc pro tunc. Respondent New York City Health and Hospitals Corporation ("NYCHHC") opposes the motion.
The underlying medical malpractice claims arise from treatment and care rendered to petitioner Nataliya Toponarova ("the patient") from approximately January 22, 2024 through February 7, 2024 at South Brooklyn Health, a NYCHHC facility. Co-petitioner Viktor Toponarov also asserts a claim for loss of consortium and services.
In brief, the patient presented to the South Brooklyn Health emergency department on January 22, 2024 and was discharged the same date. She returned on January 24, 2024 and underwent an emergency cholecystectomy (gallbladder removal). She was discharged on January 28 and returned for a post-operative follow-up on February 7. The patient alleges she had persistent pain over the following year, and it was ultimately discovered that she had residual gallbladder tissue from an incomplete cholecystectomy. The residual gallbladder was removed by surgery on March 7, 2025. Petitioners allege that NYCHHC's employees and agents departed from the standard of care, inter alia, by improperly discharging her from the emergency department on January 22 and by negligently performing the January 24 cholecystectomy.
The patient's 90-day period to serve a notice of claim on NYCHHC ended, at latest, on May 7, 2024. This petition and Order to Show Cause were filed on March 13, 2025. It is within the court's discretion to "grant an application to file a late notice of claim after the commencement of the action," so long as the statute of limitations of one year and ninety days has not expired (Pierson v City of New York, 56 NY2d 950, 954 [1982]). It is undisputed that Petitioners' claims were within the statute of limitations when this application was made.
"In determining whether to grant or deny leave to serve a late notice of claim, the court must consider in particular whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of the clam's accrual or within a reasonable time thereafter" (Jaime v City of New York, 41 NY3d 531, 540 [2024]). The court also considers other relevant facts and circumstances, particularly whether "the delay would substantially prejudice the municipality or public corporation in its defense" and whether the petitioner "demonstrated a reasonable excuse for the failure to serve a timely notice of claim" (Ibrahim v New York City Tr. [*2]Auth., 202 AD3d 786, 787 [2d Dept 2022]). "The presence or absence of any one of these factors is not dispositive" (Balbuenas v New York City Health & Hosps. Corp., 209 AD3d 642, 644 [2d Dept 2022], quoting Rodriguez v Westchester Med. Ctr. [WMC], 196 AD3d 659, 660 [2d Dept 2021]). However, "courts are to place a great weight" on the factor of actual knowledge (Jaime, at 540, quoting Beary v City of Rye, 44 NY2d 398 [1978]).
It is well established that "mere possession or creation of records does not ipso facto establish actual knowledge'" (Jaime, at 545, quoting Wally G. ex rel. Yoselin T. v New York City Health and Hosps. Corp., 27 NY3d 672, 677 [2016]). In the case of a medical malpractice claim, the records themselves must "evince that the medical staff, by its acts or omissions, inflicted [an] injury on plaintiff" (Wally G., at 677; Williams v Nassau County Med. Ctr., 6 NY3d 531, 537 [2006]).
In support of their argument that the respondents had actual knowledge, Petitioners submit South Brooklyn Health medical records and an expert affirmation from Jason D. Green, M.D. ("Dr. Green"). The records show that the patient first presented to the emergency department with abdominal pain and sub-sternal chest pain on January 22. Radiological studies were performed, and the impression included "distended gallbladder containing cholelithiasis and sludge," but "no sonographic evidence of acute cholecystitis."
As the expert notes, she was "released from the emergency department without any surgical intervention," but returned two days later and was diagnosed with a "gangrenous and perforated gallbladder." Dr. Green opines that the medical records evince that the patient was "negligently and prematurely released" from South Brooklyn Health when she was treated in the emergency department on January 22, 2024, and this two-day delay in surgical intervention "contributed to the development of gangrene and perforation."
Based on the record and expert affirmation, Petitioners have met their burden of establishing NYCHHC had actual knowledge of the facts underlying their claim of failure to timely diagnose and improper discharge on January 22. Essential facts underlying this claim are apparent from the records, as she was evaluated with symptoms of cholecystitis but discharged without surgical intervention, and she returned to the same facility two days later with a gangrenous gallbladder and perforation requiring emergent surgery. All this information can be gleaned from South Brooklyn Health's contemporaneous records. (See Ahmed v New York City Health & Hosp. Corp., 204 AD3d 870 [2d Dept 2022].) Therefore, those records are sufficient on their face to alert the respondents to the alleged injury inflicted on the patient and potential malpractice claim within the 90-day period. For this reason, the Court finds Petitioners have demonstrated NYCHHC's actual knowledge with respect to the claims arising on January 22, 2024.
Turning to Petitioners' claims arising from the surgery performed on January 24, 2024, the affirmation from Dr. Green only notes that the January 24, 2024 operative report stated "the gallbladder was completely excised." He opines that the surgeon Dr. Fazylov improperly performed the procedure, as the patient later learned a remnant of the gallbladder had been left behind, increasing her risk of infection, persistent pain, and need for further surgery.
In opposition, the respondents argue that the records and Dr. Green's affirmation are [*3]insufficient to show actual knowledge on this claim, because the expert improperly relies on evidence outside of South Brooklyn Health's possession. This Court agrees that the expert cannot rely on subsequent medical records, which were not in possession of NYCHHC/South Brooklyn Health, to argue that the corporation had any knowledge of Dr. Fazylov's alleged failure to remove the entire gallbladder on January 24. There is nothing within the medical records that were available to NYCHHC in the 90-day period, or a reasonable time thereafter, which evinces that the medical staff inflicted any injury on Petitioner with respect to the performance of the January 24 cholecystectomy.
Accordingly, the Court finds that Petitioners have made a showing that NYCHHC acquired actual knowledge as to the claims regarding her treatment and care on January 22, only, and not the claims related to the alleged incomplete cholecystectomy on January 24.
Even in the absence of actual knowledge, the Court may consider whether the petitioner offered a reasonable excuse for the delay, supported by competent evidence (see generally Balbuenas, at 646-647 [2d Dept 2022]; Williams v Jamaica Hosp. Medical Center, 124 AD3d 636, 638 [2d Dept 2015]).
Petitioners argue that the patient had a reasonable excuse for the delay in serving a notice of claim on NYCHHC. In a personal affidavit, the patient avers that she was told after the January 24 cholecystectomy that her lingering abdominal and back pain "may take up to one year to resolve" and "no further surgery was necessary," and because of this she did not investigate her lingering symptoms for several months. She underwent an MRI on June 25, 2024 in connection with a gastroenterology appointment, and eventually consulted a surgeon on January 15, 2025 when her "persistent and unresolving pain" failed to resolve. At that time, the surgeon reviewed the June 2024 study and advised her a portion of the gallbladder appeared to be left behind. She avers that she was focused on her health and receiving pre-operative and surgical treatment at that time, and she was unable to consult a lawyer and pursue a malpractice claim until after the revision surgery on March 7, 2025. Following that surgery, she consulted an attorney and the petition for the late notice of claim was filed within one week.
With respect to both dates of treatment in the notice of claim, the Court finds that the patient has established a reasonable excuse for the delay, supported by her own affidavit and by the medical records of her imaging studies, treatment, and surgery. NYCHHC argues in opposition that the patient was not physically or mentally "incapacitated" such that she could not comply with the notice of claim requirement. However, a medical condition need not rise to the level of total physical or mental incapacitation to constitute a reasonable excuse. "While the statute does not explicitly provide for the consideration of [reasonable excuse], the statute is non-exhaustive and this factor has firmly taken root in the case law" (Jaime, at 541). The Second Department has held that "even absent incapacitation, a reasonable excuse may be established by an allegation that a petitioner was more concerned and preoccupied with his or her alleged injuries or those of a spouse or child than with retaining counsel to pursue a legal claim," provided that "such an allegation is supported by medical evidence" (Balbuenas, at 646). In the Balbuenas case, the appellate court found the petitioner's mental health treatment for depression after her stillbirth was sufficient to show the delay was caused by her "emotional and psychological injuries and the accompanying preoccupation with her well-being," and the claim [*4]was pursued once she retained counsel. Of note, there were several months between that petitioner's documented mental health counselling and the notice of claim, but the court found this did not represent "a significant gap in time between the cessation of . . . treatment and her retention of counsel." (Id., at 646-647.)
Here, the patient's medical records support that she continued to experience persistent/chronic pain from her gallbladder and the alleged "incomplete cholecystectomy." The Court disagrees with the respondent that there was a significant gap in time between her continued symptoms and when she sought further diagnosis and treatment, particularly in light of the affidavit stating she relied on the reassurance the pain would take a year to subside. Once her chronic cholecystitis was diagnosed in January 2025, the record substantiates that she spent additional time prioritizing treatment over pursuing the legal claim. After the March 7, 2025 surgery was completed and the remnant gallbladder tissue removed, her claim against NYCHHC was promptly investigated, and this petition was filed less than one week later.
Additionally, the Court notes that the discovery rule of CPLR 214-a — which allows the limitations period for medical malpractice actions to run from "the discovery of a foreign object in the body of the patient" or the delayed diagnosis/discovery of "cancer or a malignant tumor" — is not directly applicable in this case. However, it was clearly contemplated by the legislature that some types of medical malpractice suits cannot reasonably be commenced until the patient becomes aware that an injury has been inflicted. In this case, the Court finds the patient had a reasonable excuse for her delay in filing the notice of claim after her discovery and treatment for the source of her lingering pain.
Finally, Petitioners argue that NYCHHC would not be substantially prejudiced by the late notice of claim. On this issue, the petitioner has the prima facie burden of presenting at least "some evidence or plausible argument that supports a finding of no substantial prejudice" (Newcomb v Middle County Cent. School Dist., 28 NY3d 455, 466 [2016]). Once this burden is met, the opposing party must make a particularized showing that they would be substantially prejudiced by the late notice of claim.
Petitioners do not merely raise an argument that the medical records gave NYCHHC actual knowledge of the facts, but also argue that NYCHHC's current possession of the South Brooklyn Health records gives them "the same ability to defend" those claims as if they would if a notice of claim had been timely filed. The petitioners argue that the records from her dates of treatment "contain all the information necessary . . . to investigate and defend any potential medical malpractice claims against them." Specifically, they present evidence that attending surgeon Dr. Fazylov, who consulted in her treatment on January 22 and performed the January 24 cholecystectomy, "continues to practice" at South Brooklyn Health at the time this petition was filed, so the respondent cannot claim that the delay affected their ability to locate the alleged employee/agent physician who treated the patient.
Petitioners' submissions have met their prima facie burden of "some evidence or plausible argument" that NYCHHC would not be substantially prejudiced by the late notice of claim. Contrary to the respondent's argument, the delay is not "by its very nature" prejudicial. They have not made any "showing with particularized evidence" of substantial prejudice caused by the delay, as required by the Court of Appeals (Newcomb, at 467). Therefore, the Court finds [*5]there is no evidence of substantial prejudice.
In sum, the Court finds that the patient demonstrated that NYCHHC had actual knowledge of her potential malpractice claim of failure to diagnose and timely perform a gallbladder removal on January 22, because the alleged injury inflicted on the patient can be gleaned from their own medical records within the 90-day period and a reasonable time thereafter. Although actual knowledge was not established by the petitioners as to the claim for retained gallbladder, the patient has demonstrated a reasonable excuse and lack of substantial prejudice as to both claims, which the Court finds is sufficient under these circumstances to warrant an extension of time even in the absence of actual knowledge (see Balbuenas, at 647). In consideration of all these factors, her application to file a late notice of claim is granted as to both dates of treatment.
Notwithstanding the above, "[w]here leave is sought in one proceeding to pursue both a direct claim by an injured person and a derivative claim by his or her spouse, the spouse's request for leave to serve a late notice of claim will not automatically be granted even if leave is granted to the injured person" (id., at 644). The spouse asserting a claim for loss of services must also make an individual showing of reasonable excuse. Here, the papers are silent as to any reasonable excuse on behalf of Viktor Toponarov, and therefore he has not made the required prima facie showing. Further, he has not established NYCHHC's actual knowledge of the facts as to his potential derivative claim. As the lack of substantial prejudice is the only factor weighing in his favor, his part of the petition is denied (id., at 647).
Accordingly, it is hereby:
ORDERED that the part of the Petition (Seq. No. 1) seeking an Order, pursuant to Gen. Mun Law § 50-e, granting leave to file a late notice of claim, is granted to the extent of the medical malpractice claims of Nataliya Toponarova, and denied with respect to the loss of consortium and services claim of Viktor Toponarov; and it is further
ORDERED that the notice of claim shall be filed and served on NYCHHC within 10 days of entry of this order on NYSCEF.
This constitutes the decision and order of this Court.
ENTER.
Hon. Consuelo Mallafre Melendez
J.S.C.